1  QUINN EMANUEL URQUHART & SULLIVAN LLP
   Anthony P. Alden (SBN 232220)
2  anthonyalden@quinnemanuel.com
   Danielle Shrader-Frechette (SBN 300842)
3  daniellefrechette@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
4  Los Angeles, California 90017
   Telephone: (213) 443-3000
5  Facsimile: (213) 443-3100

6  *Attorneys for Defendants Tesla, Inc.,
   Excession, LLC, and Allison Huebert*

7

8                     **UNITED STATES DISTRICT COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**
9                          **SAN FRANCISCO DIVISION**

10

| AARON GREENSPAN, an individual, | Case No. _____ |
|---|---|
| Plaintiff, | **[Removal from Superior Court of California, County of San Francisco, Case No. CGC-24-615352]** |
| v. | |
| ELON MUSK, an individual, TESLA, INC., a Delaware corporation, X CORP., a Nevada corporation formerly known as TWITTER, INC., EXCESSION, LLC, a Texas Limited Liability Company, JARED BIRCHALL, an individual, MORGAN STANLEY & COMPANY, LLC, a Delaware Limited Liability Company, OMAR QAZI, an individual, SMICK ENTERPRISES, INC., a Delaware corporation, SINGER CASHMAN, LLP, a California partnership, ADAM S. CASHMAN, an individual, ALLISON HUEBERT, an individual, ADAM G. MEHES, an individual, and ALEX SPIRO, an individual, and DOES 1-10, inclusive. | **NOTICE OF REMOVAL**  (28 U.S.C. §§ 1331, 1441, and 1446)  **State Action Filed: June 12, 2024** |
| Defendants. | |

NOTICE OF REMOVAL

**NOTICE OF REMOVAL**

Defendants Tesla, Inc., Excession, LLC, and Allison Huebert (the "Removing Defendants"), by and through their attorneys Quinn Emanuel Urquhart & Sullivan, LLP, hereby remove Case Number CGC-24-615352, *Greenspan v. Musk, et al.*, pending in the Superior Court of California, County of San Francisco, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Copies of all process, pleadings, and orders that have been filed in state court are attached as **Exhibit A** to the accompanying Declaration of Anthony P. Alden ("Alden Decl."). In support of this Notice of Removal, the Removing Defendants assert as follows.

**INTRODUCTION**

1. Plaintiff is a self-proclaimed inventor of Facebook, *Greenspan v. Random House, Inc.*, 859 F. Supp. 2d 206, 211-212 (D. Mass. 2012), "data journalist," and short seller of Tesla stock, who has dedicated years of his life to "exposing" Elon "Musk's unrelenting campaign to take over the world based on a foundation of criminal securities fraud." *Twitter, Inc. v. Elon R. Musk*, Del. Ch. C.A. No. 2022-0613-KSJM (Transaction ID 73737475). This action is just the latest chapter in Plaintiff's quest. Armed with a series of wildly implausible and inconsistent assertions—many of which the Court has already found wanting—Plaintiff alleges Defendants engaged in a wide-ranging conspiracy to defraud the public and attack Plaintiff personally to prevent him from exposing the supposed fraud.

2. Removal is proper under 28 U.S.C. § 1441 because this Court has original federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff's allegations necessarily raise substantial and disputed questions of federal law, including whether Defendants engaged in a conspiracy to manipulate Tesla's stock price in violation of the Securities Exchange Act, Internal Revenue Code, Obstruction of Justice Act, and Federal Trade Commission Act.

**BACKGROUND**

**A.     Procedural History**

3. In 2020, Plaintiff sued Tesla, Elon Musk, and purportedly related parties Omar Qazi and Smick Enterprises, Inc. in the Northern District of California (the "First Action"). *Greenspan*

*v. Qazi*, No. 3:20-cv-03426-JD (N.D. Cal. filed May 20, 2020).  Plaintiff alleged a wide-ranging conspiracy to defraud Tesla investors and silence Plaintiff in response to his purported efforts to expose the supposed fraud.  The First Action asserted 10 counts:  libel *per se* (two counts), intentional infliction of emotional distress, declaratory judgment of contempt of court, copyright infringement, unfair competition in violation of California Business and Professions Code § 17200, violations of Section 10(b) of the Securities Exchange Act (three counts), and injunctive relief.  *Greenspan,* No. 3:20-cv-03426-JD, ECF No. 1 (Complaint).

4. The Court gave Plaintiff multiple opportunities to plead a viable claim—allowing him to file four amended complaints.  In each of these pleadings, Plaintiff continued to make the same fundamental (albeit misplaced) allegations—that the defendants were defrauding investors and conspiring to prevent Plaintiff from exposing the fraud.  *See* First, Second, Third, and Fourth Amended Complaints (collectively, the "Amended Complaints"), *Greenspan,* No. 3:20-cv-03426-JD, ECF Nos. 20, 70, 103, and 131.  The major updates Plaintiff made to his pleading were simply to change the counts he used to describe this conduct.  For example, he dropped one count for declaratory judgment and added another under federal copyright law (First Amended Complaint); added counts for violation of an anti-stalking statute (Second Amended Complaint); and dropped an unfair competition claim (Third Amended Complaint).  *See* Amended Complaints.

5. Ultimately, after Plaintiff submitted over 4,000 pages of pleadings, the Court dismissed Plaintiff's federal claims with prejudice for failure to state a claim.  *See Greenspan,* No. 3:20-cv-03426-JD, ECF No. 171 (Second Order Re Motions to Dismiss).  Plaintiff then filed a Motion to Set Aside Judgment that impugned the Court's integrity and sought Judge Donato's recusal.  *See, e.g., Greenspan*, No. 3:20-cv-03426-JD, ECF No. 178 (Plaintiff's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(B)) at 15:17-20 ("Combined with Judge Donato's fixation with the *aggregate* number of pages filed by Plaintiff—many of which are SEC filings reasonable to include in PSLRA action—and his baseless accusation of unspecified "questionable behavior" in ECF No. 176-1, the Court's clear bias against Plaintiff requires relief from the final Order and Judgment under Rule 60(b)(6).") (Footnote omitted; emphasis in original).  The Motion was denied.

6. On appeal, Plaintiff yet again attacked the integrity of the Court and also directed his ire at the Ninth Circuit Court of Appeals. *See, e.g., Greenspan v. Qazi*, No. 22-16110 (9th Cir. decided June 10, 2024), ECF No. 64 (Petition for Rehearing or Rehearing En Banc) at 2, n. 1 ("To the extent that a staff attorney wrote the panel's opinion in this case, which seems likely, this is less a petition for 'rehearing' than a petition for a hearing, as the case was never actually heard by an appellate judge."). The Petition was denied. On June 10, 2024, the Ninth Circuit affirmed the Court's decision to dismiss. *Greenspan*, No. 22-16110, ECF No. 66 (Mandate).

7. On June 12, 2024, Plaintiff filed this action in San Francisco Superior Court (the "Current Action"). Alden Decl. Ex. A, Complaint. Once again, Plaintiff offers the same tired conspiracy theories as in the dismissed First Action—that Musk and purportedly related parties have defrauded investors and conspired to prevent Plaintiff from exposing the fraud. *See, e.g., id*. ¶ 2 ("Tesla has relied upon accounting tricks and grandiose promises . . . to boost its stock price"); *id.* ¶¶ 22, 49, 53 (Plaintiff was a Tesla short-seller and "data journalist" who "believed that Defendant Tesla's business was fundamentally overvalued by the market" and published negative information about Tesla on the internet); *id*. ¶¶ 13, 54-82 (Plaintiff was "harassed" and "disparag[ed]" after publishing negative information about Tesla).[1]

8. The Complaint asserts 11 counts: defamation *per se* (two counts); defamation; violation of California's anti-stalking statute, Civil Code § 1708.7 *et seq*.; negligent infliction of emotional distress; abuse of process; malicious prosecution; negligence; conspiracy; and unfair competition in violation of California Business and Professions Code § 17200 (two counts). *Id.* ¶¶ 155-340.

9. The Current Action names as defendants the same parties Plaintiff sued in the First Action—Tesla, Musk, Omar Qazi and Smick Enterprises, Inc.—but adds as purported co-conspirators X Corp., Excession, Jared Birchall, Morgan Stanley & Company, LLC, and the law

---

[1] All references to the Complaint are solely for the purposes of this Notice of Removal. The Removing Defendants do not accept any of Plaintiff's allegations as true.

firm and attorneys Singer Cashman, LLP, Adam S. Cashman, Allison Huebert, Adam G. Mehes, and Alex Spiro.

10. Plaintiff purported to serve Excession on July 1, 2024, Tesla and X Corp. on July 2, 2024, and Huebert on July 6, 2024.

**B.   Defendants**

11. Defendant Tesla is a manufacturer of electric vehicles and other clean-energy technology. Compl. ¶ 1. Tesla's CEO is Defendant Elon Musk, who also owns Defendant X, the social network formerly known as Twitter. Compl. ¶ 1.

12. The remaining Defendants are entities and persons whom Plaintiff alleges conspired with Tesla and/or Musk to commit securities fraud and prevent Plaintiff from exposing that fraud. Defendant Excession is the Musk family office; Defendant Jared Birchall is the head of Excession and a former employee of Defendant Morgan Stanley & Company, LLC; and Defendant Omar Qazi is the CEO of Defendant Smick Enterprises, Inc., which Plaintiff claims issued defamatory statements about him. Compl. ¶¶ 21, 37, 59. Defendants Singer Cashman, LLP; Adam S. Cashman; Allison Huebert; Adam G. Mehes; and Alex Spiro are law firms and/or lawyers who represented Musk and/or Tesla in prior litigation involving Plaintiff. Compl. ¶¶ 42-46.

## GROUNDS FOR FEDERAL QUESTION REMOVAL

13. Removal is proper under 28 U.S.C. §§ 1441 and 1331 because Plaintiff's claims necessarily present substantial and disputed questions of federal law.

14. This Court has removal jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a), and it has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331.

15. Even when a complaint pleads only state law claims, removal is warranted if "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting

the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quotation marks omitted); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–15 (2005). "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258 (citation omitted). As set forth below, all four requirements are met in this case.

16.  *First*, by his own admission, Plaintiff's theories of liability necessarily raise questions of whether Defendants have conspired to violate federal law, including the Securities Exchange Act, Obstruction of Justice Act, and Trade Commission Act. *See, e.g.*, Compl. ¶¶ 18, (Exchange Act); 209 (Obstruction of Justice Act); 305 ("federal securities laws"); 317 (Trade Commission Act). Allegations of a conspiracy to violate federal law necessarily raise federal questions "because in order to have conspired to violate [the plaintiff's] rights defendants must have first violated the federal statutes at issue." *Youngren v. Ownit Mortg. Sols., Inc.*, 2010 WL 276657, at *2 (D. Nev. Jan. 19, 2010); *see also Nat'l Credit Reporting Ass'n, Inc. v. Experian Info. Sols., Inc.*, 2004 WL 1888769, at *2 (N.D. Cal. July 21, 2004) (removal is proper "where the right to relief depends on the resolution of a substantial, disputed federal question").

17.  Defendants' alleged manipulation of Tesla's stock price in violation of federal law is the Complaint's key theme. In just the second paragraph, Plaintiff alleges that "Tesla has relied upon accounting tricks and grandiose promises, many of which are now the subject of multiple investigations by federal and state government agencies, to boost its stock price, cement inclusion in the S&P 500, and construct a false narrative of success." Compl. ¶ 2; *see also id.* ¶ 16 ("Internal Tesla documents provided to Plaintiff corroborate that Defendants made false and misleading statements in SEC filings—repeatedly misleading and lying to investors about Tesla's main metric of 'deliveries,' inflating cash balances, promising non-existent futuristic 'robotaxis,' and glossing over hundreds of millions of dollars worth of factory waste, among other issues—to manipulate Tesla's share price skyward."); *id.* ¶¶ 3-23 (passim).

18. This federal question is embedded in Plaintiff's claims for defamation, violation of the California Civil Anti-Stalking Statute (California Civil Code § 1708.7 *et seq.*), conspiracy, and violation of California Business and Professions Code § 17200, at a minimum. For example, and without limitation, the Complaint alleges the following:

    a. **Counts I and II (Defamation *Per Se*).** Plaintiff alleges that one of Qazi's supposed defamatory statements "possibl[y]" violated the Computer Fraud and Abuse Act (18 U.S.C. § 1030), and another allegedly suggested that Plaintiff violated the federal prohibition on unlicensed money transmitting businesses (18 U.S.C. § 1960). Compl. ¶ 163. Plaintiff further alleges that Defendants facilitated his alleged harassment in furtherance of their purported securities fraud scheme. *See, e.g., id*. ¶ 175 (alleging that "Defendant Musk authoriz[ed] and endors[e]d Qazi's harassing conduct toward his critics" and "consistently use[d] Qazi's Twitter accounts as springboards to make material disclosures to investors").

    b. **Count IV (Violation of the California Civil Anti-Stalking Statute (California Civil Code § 1708.7 *et seq.*).** Plaintiff claims that, as part of Defendants' purported scheme to manipulate Tesla's stock price, Qazi violated the Obstruction of Justice Act, 18 U.S.C. § 1512(b). *Id.* ¶ 209.

    c. **Count X (Conspiracy).** Plaintiff accuses Defendants of engaging in a "conspiracy" to achieve "stock price manipulation." *Id*. ¶¶ 304-308. The alleged "Stock Price Manipulation conspiracy" involved increasing Tesla's stock price in violation of "federal securities laws." *Id.* ¶¶ 305-306. According to Plaintiff, this conspiracy was purportedly carried out using social media messaging, which the SEC allegedly recognizes "as a potential manipulative 'device' pursuant to the Securities and Exchange Acts." *Id*. ¶ 18.

    d. **Count XI (Violation of California Business and Professions Code § 17200).** In support of this count, Plaintiff accuses Defendants of having used unlawful business practices to manipulate Tesla's stock price. *Id.* ¶¶ 310-312. These unlawful business practices purportedly included violating the Trade Commission Act, *id.* ¶ 317, filing false information with the SEC in violation of the Exchange Act, *id.* ¶¶ 319-327, 335, and violating the Internal Revenue Code. *Id.* ¶ 336.

19.     In sum, Plaintiff alleges that Defendants engaged in a "scheme" to boost Tesla's stock price by violating various federal statutes. This is precisely what Plaintiff alleged in the First Action—the Current Action just artfully omits the relevant federal statutes from the count titles. Indeed, the Complaint's Prayer for Relief requests "[p]unitive damages stemming from Defendants' disregard for state and *federal laws*." Compl. at 61:23 (emphasis added). As the Ninth Circuit instructed in an analogous case, where "plaintiffs . . . first filed suits alleging federal claims in federal courts and lost, and then attempted to recharacterize and refile those same claims in state court. . . the '[state] claim was really the same [federal] claim in disguise . . . .'" *Hunter v. United Van Lines*, 746 F.2d 635, 641–42 (9th Cir. 1984); *see also Experian*, 2004 WL 1888769, at *2 (plaintiff may not defeat removal through artful pleading that purports to omit federal claims "where the right to relief depends on the resolution of a substantial, disputed federal question").

20.     *Second*, the federal questions Plaintiff raises are "actually disputed." Among other things, the Removing Defendants dispute the allegation that they violated the Exchange Act, Trade Commission Act, Internal Revenue Code, or the Obstruction of Justice Act, much less that they participated in a conspiracy to abet and conceal their supposed violations of these laws. The multiple federal laws underlying the alleged conspiracies are thus a "central point of dispute." *Gunn*, 568 U.S. at 259.

21.     *Third*, the federal issues presented in the Complaint are "substantial." Plaintiff's theories of liability necessarily require that the Court determine whether Plaintiff has adequately pleaded, and if so, determine on the merits whether Removing Defendants violated the Exchange Act, Trade Commission Act, Internal Revenue Code, Obstruction of Justice Act, and other federal laws in connection with a supposedly elaborate conspiracy to promote Tesla's stock price and attack its critics. *See Lee v. Sierra Pac. Mortg. Co.,* 2010 WL 276665, at *2 (D. Nev. Jan. 19, 2010) (plaintiff's multiple references to violations of federal laws throughout a complaint relating to a conspiracy were not "incidental" but rather substantial because they served as "part of the requisite framework for his claims").

22.     *Fourth*, the federal issues here are capable of resolution in federal court "without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. Federal courts

regularly hear cases related to the purported federal statutory violations Plaintiff asserts in the Complaint, especially when those violations serve as a framework for conspiracy allegations. As the Northern District explained in *Mostowfi v. I2 Telecom International Inc.*, 2006 WL 8443121, at *4 (N.D. Cal. Mar. 27, 2006), *aff'd*, 269 F. App'x 621 (9th Cir. 2008), conspiracy forms a proper basis for federal jurisdiction "if the conspiracy's aim is to violate a federal law." *See also California ex. Rel Lockyer v. Dynergy, Inc.,* 375 F.3d 831, 841 (9th Cir. 2004) (removal was proper because state causes of action turned on defendant's compliance with federal regulations); *Youngren*, 2010 WL 276657, at *2 (D. Nev. Jan. 19, 2010) (denying motion to remand where references to federal laws were "part of the requisite framework" for plaintiff's claims); *Mullis v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 492 F. Supp. 1345, 1350–51 (D. Nev. 1980) ("federal courts . . . specifically retain jurisdiction to decide cases arising under federal statutes" and "have jurisdiction to hear private liability claims based on the federal securities acts").

23.  Here, the Complaint's reliance on numerous purported violations of federal laws, and a conspiracy to violate those laws, make this a case the Court has the jurisdiction and knowledge to handle without infringing state interests.

## NON-WAIVER OF DEFENSES

24.  By removing this action, the Removing Defendants do not waive any defenses available to them.

25.  By removing this action, the Removing Defendants do not admit any of the allegations in the Complaint.

## THE PROCEDURAL REQUIREMENT HAVE BEEN MET

26.  Under 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Plaintiff purported to serve Excession, Tesla, and Huebert on July 1, 2024, July 2, 2024, and July 6, 2024, respectively. Thus, this Notice is timely filed.

27.  The United States District Court for the Northern District of California embraces the County of San Francisco, California—the county in which the state court action is currently pending.

1  Therefore, this action is properly removed to the Northern District of California pursuant to 28
2  U.S.C. §§ 105(a)(1) and 1441(a).

3      28.    A Removal Notice, together with a copy of this Notice, will be filed with the Clerk
4  of the Superior Court of the County of San Francisco, California, and will be served on Plaintiff.

5      29.    Pursuant to 28 U.S.C. § 1446(a), Removing Defendants certify that each Defendant
6  consents to removal to this Court.

7      WHEREFORE, Defendants Tesla, Excession, and Huebert hereby remove this action from
8  the Superior Court for the State of California, County of San Francisco to the United States District
9  Court for the Northern District of California.

10     Respectfully,

11 DATED: July 31, 2024                         QUINN EMANUEL URQUHART &
12                                                SULLIVAN, LLP

13                                                By    */s/ Danielle Shrader-Frechette*
14                                                   Anthony P. Alden (Bar No. 232220)
15                                                   anthonyalden@quinnemanuel.com
                                                  Danielle Shrader-Frechette (SBN 300842)
16                                                   daniellefrechette@quinnemanuel.com
                                                  865 South Figueroa Street, 10th Floor
17                                                   Los Angeles, California 90017-2543
                                                  Telephone:    (213) 443 3000
18                                                   Facsimile:    (213) 443 3100

19                                                   *Attorneys for Defendants Tesla, Inc., Excession,*
                                                  *LLC, and Allison Huebert*

20
21
22
23
24
25
26
27
28