1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Anthony P. Alden (SBN 232220)
2  anthonyalden@quinnemanuel.com
   Danielle Shrader-Frechette (SBN 300842)
3  daniellefrechette@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
4  Los Angeles, California 90017
   Telephone: (213) 443-3000
5  Facsimile: (213) 443-3100

6  *Attorneys for Defendants Elon Musk, Tesla, Inc.,*
   *the Elon Musk Revocable Trust dated July 22,*
7  *2003, Excession, LLC, Jared Birchall, Singer*
   *Cashman LLP, Allison Huebert, Adam S.*
8  *Cashman, Adam G. Mehes, and Alex Spiro*

9

10                UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12

13  AARON GREENSPAN, an individual,          Case No. 3:24-cv-04647-MMC

14              Plaintiff,                    **DEFENDANT ELON MUSK'S**
                                              **OPPOSITION TO PLAINTIFF'S**
15        v.                                  **MOTION FOR A TEMPORARY**
                                              **RESTRAINING ORDER**
16  ELON MUSK, an individual, TESLA, INC., a
    Delaware corporation, THE ELON MUSK       State Action Filed: June 12, 2024
17  REVOCABLE TRUST DATED JULY 22, 2003,      Removed: July 31, 2024
    a trust, X CORP., a Nevada corporation formerly
18  known as TWITTER, INC., EXCESSION, LLC,   **[Removed from Superior Court of**
    a Texas Limited Liability Company, JARED  **California, County of San Francisco,**
19  BIRCHALL, an individual, MORGAN           **Case No. CGC-24-615352]**
    STANLEY & COMPANY, LLC, a Delaware
20  Limited Liability Company, OMAR QAZI, an
    individual, SMICK ENTERPRISES, INC., a
21  Delaware corporation, SINGER CASHMAN,
    LLP, a California partnership, ADAM S.
22  CASHMAN, an individual, ALLISON
    HUEBERT, an individual, ADAM G. MEHES,
23  an individual, and ALEX SPIRO, an individual,
    and DOES 1-10, inclusive.
24
25             Defendants.
26

27

28
                                              Case No. 3:24-cv-04647-MMC
   _____
   DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

1

2

3

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ......................................................................................................... 1

ARGUMENT .................................................................................................................................... 2

I.    MULTIPLE INDEPENDENT DEFICIENCIES BAR THE REQUESTED
INJUNCTION ........................................................................................................................ 2

    A.    The Injunction Should Be Denied Because It Is Based on Causes of Action
Plaintiff Fails to Plead in His Complaint ................................................................... 2

    B.    Plaintiff Lacks Standing to Seek an Injunction ......................................................... 3

    C.    There Is No Private Right of Action to Enforce 52 U.S.C. § 10307(c) .................... 5

II.   PLAINTIFF FAILS TO  SATISFY ANY OF THE REQUIRED ELEMENTS FOR
AN INJUNCTION .................................................................................................................. 6

    A.    Plaintiff Will Not Succeed on the Merits ................................................................. 6

    B.    Plaintiff Will Not Suffer Imminent Irreparable Harm Without an Injunction ........... 7

    C.    The Balance of Equities and Public Interest Factors Favor Musk ............................ 7

    D.    Plaintiff Fails to Post a Bond or Explain Why the Requirement Should Be
Waived ....................................................................................................................... 9

CONCLUSION ................................................................................................................................. 9

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MUSK'S OPPOSITION TO PLAINTIFF'S MOTION FOR A TRO

1

## **TABLE OF AUTHORITIES**

2

### **Cases**

3

*Arizona Right to Life Pol. Action Comm. v. Bayless*,
   320 F.3d 1002 (9th Cir. 2003) ........................................................................8

*Beaumont Chapter of NAACP v. Jefferson Cnty., Texas*,
   685 F. Supp. 3d 414 (E.D. Tex. 2023) ...........................................................7

*Boos v. Barry*,
   485 U.S. 312 (1988) .........................................................................................8

*California v. Sierra Club*,
   451 U.S. 287 (1981) .........................................................................................5

*Cannon v. Univ. of Chicago*,
   441 U.S. 677 (1979) ......................................................................................5, 6

*CBS, Inc. v. U.S. Dist. Ct. for Cent. Dist. Of Cal.*,
   729 F.2d 1174 (9th Cir. 1984) ........................................................................8

*Chung v. NBGI, Inc.*,
   2010 WL 841297 (N.D. Cal. Mar. 10, 2010) ...................................................3

*Cuviello v. City of Oakland*,
   2009 WL 734676 (N.D. Cal. Mar. 19, 2009) ...................................................8

*In re Dan Farr Prods.*,
   874 F.3d 590 (9th Cir. 2017) ..........................................................................8

*Duncan v. California Healthcare Receivership Corp.*,
   2021 WL 2337227 (E.D. Cal. June 8, 2021) ....................................................3

*Elrod v. Burns*,
   427 U.S. 347 (1976) .........................................................................................8

*Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*,
   654 F.3d 989 (9th Cir. 2011) ..........................................................................7

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) .........................................................................................4

*Friends of the Earth v. Brinegar*,
   518 F.2d 322 (9th Cir. 1975) ..........................................................................9

*Ghazali v. Moran*,
   46 F.3d 52 (9th Cir. 1995) ..............................................................................3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Gill v. Whitford,*
    585 U.S. 48 (2018) ..................................................................................................4

*Greenspan v. Qazi,*
    No. 22-16110 (9th Cir. June 10, 2024), ECF No. 66 ..............................................1

*Lance v. Coffman,*
    549 U.S. 437 (2007) ..............................................................................................4

*Lujan v. Defs. of Wildlife,*
    504 U.S. 555 (1992) ........................................................................................3, 4, 5

*Merritt v. Dimond,*
    2018 WL 3126391 (N.D. Cal. June 26, 2018) .......................................................3

*Natural Resources Defense Council v. Morton,*
    337 F.Supp. 167 (D.C.D.C. 1971) .........................................................................9

*Nebraska Press Ass'n v. Stuart,*
    427 U.S. 539 (1976) ..............................................................................................8

*New York Times Co. v. Sullivan,*
    376 U.S. 254 (1964) ..............................................................................................8

*Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang,*
    376 F.3d 831 (9th Cir. 2004) .................................................................................5

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.,*
    810 F.3d 631 (9th Cir. 2015) .................................................................................3

*Perez v. Silva,*
    2015 WL 6957464 (N.D. Cal. Nov. 11, 2015) .......................................................8

*Sierra Forest Legacy v. Rey,*
    577 F.3d 1015 (9th Cir. 2009) ...............................................................................6

*Small v. Avanti Health Sys., LLC,*
    661 F.3d 1180 (9th Cir. 2011) ...............................................................................7

*Spokeo, Inc. v. Robins,*
    578 U.S. 330 (2016) ...........................................................................................3, 4

*Stassart v. Lakeside Joint Sch. Dist.,*
    2009 WL 2566717 (N.D. Cal. Aug. 18, 2009) .......................................................7

*Steele Co. v. Citizens for a Better Env't,*
    523 U.S. 83 (1998) .................................................................................................4

*Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.,*
    240 F.3d 832 (9th Cir. 2001) .................................................................................6

*Touche Ross & Co. v. Redington*,
   442 U.S. 560 (1979) ...................................................................................5

*People ex rel. Van De Kamp v. Tahoe Regional Plan*,
   766 F. 2d 1319 (9th Cir. 1985) .................................................................9

*Whitmore v. Arkansas*,
   495 U.S. 149 (1990) ...................................................................................4

*Winter v. Natural Res. Def. Council, Inc.*,
   555 U.S. 7 (2008) ...................................................................................6, 7

## Statutes

52 U.S.C. § 10307(c) ........................................................................ 2, 3, 5, 6, 8, 9

## Other Authorities

First Amendment ..............................................................................................8

Fed. R. Civ. P. 65(b)(1)(A) ..............................................................................6

Federal Rule of Civil Procedure 65(c)..............................................................9

Local Rule 5-1(h)(3), I ...................................................................................11

Local Rule 65-1 ................................................................................................3

U.S. CONST. Art. III, § 2 ..................................................................................3

DEFENDANT MUSK'S OPPOSITION TO PLAINTIFF'S MOTION FOR A TRO

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**PRELIMINARY STATEMENT**

3       This case stems from *pro se* Plaintiff Aaron Greenspan's pathological obsession with Elon

4  Musk.  Plaintiff is a serial litigant and failed short-seller of Tesla stock who has dedicated years of

5  his life to "exposing" alleged fraud by Musk and Tesla.  In 2020, after losing lawsuits against myriad

6  other defendants—including Jerry Brown, Kamala Harris, Random House, Coinbase, Stanford,

7  Sequoia Capital, Square, and Stripe—Plaintiff filed suit against Musk and others alleging a global,

8  "criminal" conspiracy to defraud short-sellers like him and prevent them from exposing the

9  supposed fraud.  Plaintiff, who has never actually purchased a Tesla vehicle or Tesla stock, alleged

10 that Musk made "thousands of false and misleading statements and material omissions" to boost

11 Tesla's stock price and had "conspir[ed]" with a cast of "ex-CIA and ex-NSA professionals" and

12 "convicted felons" to "disseminate false and misleading news stories, and to discredit or silence

13 critics."  Case 3:20-cv-03426-JD, ECF No. 103 ¶¶ 12, 216, 271-272.  According to Plaintiff, Musk

14 also had undisclosed dealings with drug kingpins Pablo Escobar and Joaquín 'El Chapo' Archivaldo

15 Guzmán Loera.  *Id.*, ECF No. 103 ¶ 272.  Judge Donato gave Plaintiff multiple opportunities to

16 plead a viable claim, allowing four amended complaints and over 4,000 pages, but ultimately

17 dismissed Plaintiff's federal claims with prejudice and certain of his state claims without prejudice.

18 *Id*., ECF No. 171. The Ninth Circuit affirmed.  *Greenspan v. Qazi*, No. 22-16110 (9th Cir. June 10,

19 2024), ECF No. 66.

20       Plaintiff filed this action a few days later, which largely just repackages his prior allegations

21 under new labels.  Repeating many of the same incomprehensible allegations as before, Plaintiff

22 brings claims for, among other things, violation of the RICO Act and state securities laws, common

23 law fraud, unfair competition, false advertising, defamation, and negligent infliction of emotional

24 distress. ECF No. 1-2 (Complaint).  Defendants have moved to dismiss and strike the First Amended

25 Complaint on the basis that Plaintiff's claims are barred by res judicata, attack protected conduct

26 such as petitioning activity and speech, and/or are false, immaterial, or relate to alleged acts for

27 which Plaintiff—whose overlapping claims were dismissed with prejudice two years ago—cannot

28 possibly claim timely reliance or injury.  ECF No. 82.

In his latest misplaced ploy, and before Defendants' Motion to Dismiss has even been fully briefed, Plaintiff asks the Court to issue an emergency order restraining Musk's political speech that has absolutely nothing to do with Plaintiff's claims.  Plaintiff alleges that Musk has announced his intention to award one million dollars per day to one registered voter who signs a "Petition in Favor of Free Speech and the Right to Bear Arms."  ECF No. 96 (Mot) at 1 & Ex. A at 3; ECF No. 95-1 (Greenspan Declaration) at ¶ 4.  The petition states that its "goal is to get 1 million registered voters in swing states to sign in support of the Constitution, especially freedom of speech and the right to bear arms."  Mot., Ex. A at 3.  It is "exclusively open to registered voters in Pennsylvania, Georgia, Nevada, Arizona, Michigan, Wisconsin, and North Carolina." *Id*.  Plaintiff asks the Court to enjoin Musk "from violating 52 U.S.C. § 10307(c) by buying votes, offering lottery prizes for votes, or otherwise interfering with the voting preferences of any individual."  ECF No. 95-2 ([Proposed] Order).

Plaintiff's motion fails for numerous reasons, including that Plaintiff has no standing, the requested relief bears no relationship to Plaintiff's complaint, and Plaintiff fails to meet his burden to establish a private right of action under Section 10307(c).  Even if the Court were inclined to consider the merits, Plaintiff does not establish any of the elements required to obtain emergency relief.  He fails to show he is likely to prevail on his claims; he does not establish a likelihood of imminent, particularized harm; and, rather than show that the balance of equities and public interest favor his position, he seeks a prohibited prior restraint on Musk's political speech, including through a vague demand to enjoin "interfering with the voting preferences of any individual."

Plaintiff's latest stunt in seeking an injunction against Musk is both procedurally and substantively improper and should be denied.

**ARGUMENT**

**I.    MULTIPLE INDEPENDENT DEFICIENCIES BAR THE REQUESTED INJUNCTION**

      **A.    The Injunction Should Be Denied Because It Is Based on Causes of Action Plaintiff Fails to Plead in His Complaint**

"A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not

have the authority to issue an injunction."  *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).  The First Amended Complaint (which Plaintiff failed to submit with his motion[1]) alleges that Musk conspired to defraud Tesla short-sellers like him and prevent them from exposing the supposed fraud.  ECF No. 55 (FAC) ¶¶ 3-4, 7-10, 12-13, 16-17.  Plaintiff pleads no claims relating to election interference, much less 52 U.S.C. § 10307(c).  Thus, the Court does not have the authority to issue the injunction he seeks.  *See Pac. Radiation Oncology*, 810 F.3d at 636-37; *Merritt v. Dimond*, 2018 WL 3126391, at *8 (N.D. Cal. June 26, 2018) ("[T]he Court does not have the authority to issue a TRO based on the causes of action not alleged in the SAC"); *Duncan v. California Healthcare Receivership Corp.*, 2021 WL 2337227, at *1 (E.D. Cal. June 8, 2021), report and recommendation adopted, 2021 WL 2680981 (E.D. Cal. June 30, 2021) (denying requested TRO and stating that "the claims in Plaintiff's motions for TROs are unrelated to the claims at issue in this case"); *see also Chung v. NBGI, Inc*., 2010 WL 841297, at *2 (N.D. Cal. Mar. 10, 2010) ("A preliminary injunction is generally only available if injunctive relief is appropriate in the first instance.").

### B.       Plaintiff Lacks Standing to Seek an Injunction

Article III of the Constitution limits the authority of federal courts to "Cases" and "Controversies."  U.S. CONST. Art. III, § 2.  As the party challenging Musk's conduct, Plaintiff bears the burden of establishing the three foundational elements of standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).  Plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also Lujan*, 504 at 560-61. Moreover, because Plaintiff seeks an injunction, he must show "that the 'threatened

---

[1]     Plaintiff failed to attach a copy of the complaint or include a proposed order providing "a place for the Judge to set a deadline by which the temporary restraining order and all supporting pleadings and papers must be served upon the adverse party," as required by Local Rule 65-1. Failure to follow local rules is a proper ground for dismissal.  *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure," and it was proper to dismiss claims where plaintiff failed to do so).

injury is certainly impending.'" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 190 (2000).  Plaintiff cannot establish any of these elements.

"First and foremost," Plaintiff must prove that he suffered an injury in fact as a result of the conduct he challenges. *Steele Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998).  An injury in fact means Plaintiff has personally suffered or will suffer an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not conjectural or hypothetical.'" *Lujan*, 504 U.S. at 560 (*quoting Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). A concrete injury is an injury that is real or actually exists, *Spokeo*, 578 U.S. at 340, and "the injury must affect the plaintiff in a personal and individual way."  *Lujan*, 504 U.S. at 560 n.1 (1992). Alleged injuries that are common to all citizens are not particularized but are mere generalized grievances that do not confer standing. *Gill v. Whitford*, 585 U.S. 48, 54 (2018) ("A plaintiff seeking relief in federal court must first demonstrate ... that he has 'a personal stake in the outcome,' distinct from a 'generally available grievance about the government.'"); *Lujan*, 504 at 573-74 (a plaintiff raises a generalized grievance when "claiming only harm to his and every citizen's interest in proper application of the Constitution and laws").

Plaintiff cannot establish any of these elements.  Plaintiff is a California resident and therefore cannot vote in any of the eligible states. FAC ¶ 53.  Plaintiff's sole argument for standing is that Musk's petition *might* lead to the election of Donald Trump, which in turn will somehow lead Plaintiff to "undoubtedly be targeted for retribution"—the reason and basis for which is unexplained—and which *might* "foreclose the possibility of Defendant Musk being indicted … which would materially affect Plaintiff's rights" to sue Musk in the instant litigation.  Mot. at 1, 3-4.  This is the archetypical example of a speculative injury.  No one knows if Donald Trump will be elected or what he might do if he is.  Nor are Plaintiff's hypothetical future injuries particular to him, as "distinct from a generally available grievance." *Gill*, 585 U.S. at 52.  Under Plaintiff's theory, every person in the United States who has publicly criticized Musk or opposes the election of Donald Trump would be entitled to run to court for an injunction because Trump might do something to them if he is elected. *See Lance v. Coffman*, 549 U.S. 437, 440-41 (2007) (holding that "a generalized grievance that is plainly undifferentiated and common to all members of the

public" is not sufficient).  This is exactly the type of speculative and generalized grievance that cannot form the basis for an injunction.

Plaintiff likewise cannot establish causation and redressability. Causation is established when the injury is fairly traceable to the challenged actions of the defendant.  *Lujan*, 504 U.S. at 560.  Redressability requires that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Id*.  Plaintiff fails to explain how any injury he claims he might hypothetically suffer would be caused by any action of Musk or redressed by the Court.   The notion that Musk's purported promise to pay 18 people to sign a petition will (a) determine the results of the presidential election; (b) cause Donald Trump to "retaliate" against Plaintiff if he is elected; and (c) direct the Department of Justice not to indict Musk (if there was ever a contemplation of the same) is as lacking in sense as it is support.

**C.    There Is No Private Right of Action to Enforce 52 U.S.C. § 10307(c)**

Plaintiff seeks an injunction preventing Musk from "violating 52 U.S.C. § 10307(c)." [Proposed] Order at 1.  However, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."  *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (*quoting Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979)) (internal quotation marks omitted).  Instead, the statute must either explicitly create a private right of action or implicitly contain one.

Even if Plaintiff had alleged an impending, particularized injury (which he does not), as the party seeking to establish a private right to enforce Section 10307(c), Plaintiff has the burden to demonstrate that such a private right of action exists.  *See Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 835 (9th Cir. 2004).  Plaintiff fails to do so.  In fact, he admits that "the USDOJ would ordinarily enforce federal laws surrounding the upcoming presidential election."  Mot. at 3.  He cites no cases, and Defendants are aware of none, establishing a private right of action to enforce Section 10307(c).  To the contrary, statutes like Section 10307(c)—which focus on the person regulated, rather than the individuals protected—create "no implication of an intent to confer rights on a particular class of persons."  *California v. Sierra Club*, 451 U.S. 287, 294 (1981).  "This is because there is "far less reason to infer a private remedy in

1   favor of individual persons if Congress, instead of drafting [the statute] with an unmistakable focus

2   on the benefitted class," writes it "simply as a ban on" or "as a prohibition against" undesirable

3   conduct by a regulated entity. *Cannon*, 441 U.S. at 690-92. Plaintiff's failure to establish a private

4   right of action ends his request for an injunction to enforce Section 10307(c).

5   ## II.   PLAINTIFF FAILS TO  SATISFY ANY OF THE REQUIRED ELEMENTS FOR AN INJUNCTION

6

7          Even if the Court were inclined to entertain the merits of Plaintiff's application, it should be

8   denied because Plaintiff cannot establish any of the required elements. A temporary restraining

9   order may be granted only on a clear showing of immediate, irreparable injury. Fed. R. Civ. P.

10  65(b)(1)(A). The standards for issuing a temporary restraining order and a preliminary injunction

11  are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839

12  & n.7 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as of

13  right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Therefore, a district court

14  should enter a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such

15  relief." *Id.* at 22. This requires that the plaintiff establish he or she "is likely to succeed on the

16  merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

17  balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at

18  20; *see Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009). Plaintiff has not and

19  cannot establish any of these elements.

20      ### A.      Plaintiff Will Not Succeed on the Merits

21          Plaintiff claims he has a "substantial likelihood of success" in the underlying litigation, Mot.

22  2-3, but offers no argument or a shred of evidence. This is hardly surprising. As explained in

23  Defendants' pending Motion to Dismiss, or Alternatively, to Strike (ECF No. 82), Plaintiff's claims

24  plainly fail as a matter of law.[2] And Plaintiff's new argument that Musk has violated Section

25

26      [2]   Plaintiff conclusorily claims his allegations are "established by [Musk's] own words and deeds," including "the Tesla Files, gigabytes of internal documents that were obtained from one or

27  more former employees of Tesla, Inc." Mot. at 2. However, as explained in the Motion to Dismiss, ECF No. 82, Judge Donato reviewed this supposed "evidence" in the prior action and ruled it added

28  nothing. Case 3:20-cv-03426-JD, ECF No. 182 at 2 ("The 'new evidence' Greenspan says he has

10307(c) is based on nothing more than a blog post.  Plaintiff fails to cite a single case suggesting that rewarding individuals for signing a petition, as opposed to voting or registering to vote, is illegal.

### B.    Plaintiff Will Not Suffer Imminent Irreparable Harm Without an Injunction

The "threat [of irreparable harm] must be shown by probative evidence, and conclusory affidavits are insufficient."  *Stassart v. Lakeside Joint Sch. Dist.*, 2009 WL 2566717, at \*2 (N.D. Cal. Aug. 18, 2009) (citation omitted).  As discussed above, Plaintiff's chief argument that he will suffer "irreparable harm" is the naked speculation that the Department of Justice ("DOJ"), which Plaintiff acknowledges "would ordinarily enforce federal laws surrounding the upcoming presidential election," is simply too "inept" and "politically hamstrung" to do its job.  Mot. at 3. Plaintiff thus speculates that, in the vacuum created by the DOJ's supposed ineptness, Musk will single-handedly elect Donald Trump President, and that Donald Trump may then "retaliate" against Plaintiff, fail to indict Musk, and/or somehow alter the result of Plaintiff's instant lawsuit against Musk.  Mot. at 3-4.  In addition to being internally incoherent—for example, it is unclear why Plaintiff would prefer a continuation of the supposedly "inept" DOJ associated with the current administration, as opposed to one related to Donald Trump—none of these outlandish assumptions reflect a threat of imminent irreparable harm to Plaintiff or are supported by a shred of evidence. *See Stassart*, 2009 WL 2566717 at \*2; *Beaumont Chapter of NAACP v. Jefferson Cnty., Texas*, 685 F. Supp. 3d 414, 424-425 (E.D. Tex. 2023) (injuries were speculative where organization failed to allege that members personally experienced misbehavior).

### C.    The Balance of Equities and Public Interest Factors Favor Musk

On the balance of equities, courts analyze "the competing claims of injury" among the parties to "consider the effect on each party of the granting or withholding of the requested relief."  *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 997 (9th Cir. 2011) (quoting *Winter*, 555 U.S. at 24).  To obtain an injunction, Plaintiff must also show it is "in the public interest."  *Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1187 (9th Cir. 2011) (quoting *Winter*, 555 U.S. at 20).

---

acquired from the SEC and other sources is essentially more of the same that was found wanting in the Court's orders of dismissal").

Here, the equity and public interest factors show an overwhelming imbalance.  Plaintiff asks for an injunction preventing Musk from "violating 52 U.S.C. § 10307(c) by buying votes, offering lottery prizes for votes, or otherwise interfering with the voting preferences of any individual." [Proposed] Order at 1.  Even assuming Plaintiff's unsupported interpretation of Section 10307(c) is correct (which it is not), this is simply a request that Musk obey the law, which is impermissible. *See Cuviello v. City of Oakland*, 2009 WL 734676, at *3 (N.D. Cal. Mar. 19, 2009) ("[A]n injunction must be more specific than a simple command that the defendant obey the law"); *Perez v. Silva*, 2015 WL 6957464, at *7 (N.D. Cal. Nov. 11, 2015) (denying plaintiff's request for an injunction because it would be "tantamount to an obey-the-law injunction.").  More ominously, the demand includes a prior restraint on Musk's political speech through a vague and overbroad prohibition of any speech whatsoever that "otherwise interfer[es] with the voting preferences of any individual." [Proposed] Order at 1.

The injunction Plaintiff seeks is antithetical to the First Amendment's guarantee of free speech and must be denied, particularly given Plaintiff's utter failure to show any personal harm. Any judicial gag order is a prior restraint on free speech, and "[p]rior restraints 'are the most serious and the least tolerable infringement on First Amendment rights.'"  *In re Dan Farr Prods.*, 874 F.3d 590, 596 (9th Cir. 2017) (quoting *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976)).  That is because "the damage resulting from a prior restraint—even a prior restraint of the shortest duration—is extraordinarily grave."  *CBS, Inc. v. U.S. Dist. Ct. for Cent. Dist. Of Cal.*, 729 F.2d 1174, 1177 (9th Cir. 1984); *Dan Farr*, 874 F.3d at 597 ("'The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'") (quoting *Elrod v. Burns*, 427 U.S. 347, 373-74 (1976)).  Plaintiff's proposed injunction is all the more objectionable because it is directed to *political* speech, which "operates at the core of the First Amendment." *Boos v. Barry*, 485 U.S. 312, 318 (1988) (First Amendment reflects a "'profound national commitment' to the principle that 'debate on public issues should be uninhibited, robust, and wide-open'") (*quoting New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964)).  Because the proposed injunction burdens political speech without any showing whatsoever of redeeming countervailing interests and narrow tailoring, it must be denied. *Arizona Right to Life Pol. Action Comm. v. Bayless*,

320 F.3d 1002, 1010 (9th Cir. 2003) (statute requiring advance notice before distribution of political literature and advertising was unconstitutional burden on speech).

**D.    Plaintiff Fails to Post a Bond or Explain Why the Requirement Should Be Waived**

Under Federal Rule of Civil Procedure 65(c), "the court may issue a … temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Plaintiff provides no evidentiary support, including information about his financial status, to support his claim that there is "no need for Plaintiff to post security here, especially given that Plaintiff is proceeding *pro se*."  Mot. at 5.  Moreover, in each of Plaintiff's cited cases, the litigants fit within recognized exceptions to the bond requirement, including because the legislature had delegated authority to them to enforce the statutes under which they brought suit.  *See People ex rel. Van De Kamp v. Tahoe Regional Plan*, 766 F. 2d 1319, 1325 (9th Cir. 1985) (California Attorney General and private environmental organization fit within enforcement exceptions to bond requirement); *Friends of the Earth v. Brinegar*, 518 F.2d 322, 323 (9th Cir. 1975) (organization fit within NEPA enforcement exception); *Natural Resources Defense Council v. Morton*, 337 F.Supp. 167, 168-169 (D.C.D.C. 1971) (similar).  Suffice it to say that Congress has not delegated responsibility to Plaintiff to enforce 52 U.S.C. § 10307(c).  To the contrary, and as discussed in Section (I)(C), there is no private right of action under Section 10307(c).

In the event the Court does not deny Plaintiff's requested injunction outright, Musk therefore requests that the Court require Plaintiff to comply with Federal Rule of Civil Procedure 65(c) by posting a bond in the amount of at least $200,000, which reflects a reasonable assessment of the legal costs and fees that have and will be sustained by Musk if found to have been wrongfully enjoined through the improper prior restraint Plaintiff seeks.

## CONCLUSION

Plaintiff's motion should be denied.

1  DATED:  October 21, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Anthony P. Alden*
_____
Anthony P. Alden (Bar No. 232220)
anthonyalden@quinnemanuel.com
Danielle Shrader-Frechette (Bar No. 300842)
daniellefrechette@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443 3000
Facsimile:      (213) 443 3100

*Attorneys for Defendants Elon Musk, Tesla, Inc., the Elon Musk Revocable Trust dated July 22, 2003, Excession, LLC, Jared Birchall, Singer Cashman LLP, Allison Huebert, Adam S. Cashman, Adam G. Mehes, and Alex Spiro*

DEFENDANT MUSK'S OPPOSITION TO PLAINTIFF'S MOTION FOR A TRO