1

2

3

4          IN THE UNITED STATES DISTRICT COURT

5          FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    AARON JACOB GREENSPAN,                    Case No.  24-cv-04647-MMC

8              Plaintiff,

9         v.                                   **ORDER GRANTING MOTION TO STAY
                                               DISCOVERY PENDING RULING ON
10   ELON MUSK, et al.,                        MOTIONS TO DISMISS; DENYING AS
                                               MOOT MOTION TO COMPEL
11             Defendants.                     PRODUCTION OF DOCUMENTS AND
                                               MOTION FOR ADMINISTRATIVE
12                                             RELIEF REGARDING PLAINTIFF'S
                                               MOTION TO COMPEL**

13                                             Re: Doc. Nos. 101, 124, 126

14

15         Before the Court is the "Motion to Stay Discovery Pending Ruling on Motions to

16   Dismiss" (ECF No. 101 ("Motion to Stay")), filed October 26, 2024, by Elon Musk, Tesla,

17   Inc., the Elon Musk Revocable Trust dated July 22, 2003, X Corp., Excession, LLC, Jared

18   Birchall, Morgan Stanley & Company, LLC, Singer Cashman LLP, Allison Huebert, Adam

19   S. Cashman, Adam G. Mehes, and Alex Spiro (collectively, "Moving Defendants").  On

20   November 12, 2024, plaintiff Aaron Jacob Greenspan ("Greenspan") filed opposition, to

21   which Moving Defendants, on November 19, 2024, replied.  Having read and considered

22   the papers filed in support of and in opposition to the Motion to Stay, the Court

23   determines the matter appropriate for disposition on the parties' written submissions,

24   VACATES the hearing scheduled for January 17, 2024, and rules as follows.

25         A "district court has wide discretion in controlling discovery." See Little v. City of

26   Seattle, 863 F.2d 681, 685 (9th Cir. 1988).  "Courts in this district have applied a two-

27   pronged test to determine whether discovery should be stayed pending resolution of a

28   dispositive motion." See Garcia v. Experian Info. Solutions, Inc., No. 5:23-cv-04672-BLF,

United States District Court
Northern District of California

Case 3:24-cv-04647-MMC   Document 131   Filed 12/02/24   Page 2 of 3


1     2024 WL 1117912, at \*1 (N.D. Cal. Mar. 13, 2024).  First, the "pending motion must be

2     potentially dispositive of the entire case, or at least dispositive on the issue at which

3     discovery is directed," and second, "the court must determine whether the pending

4     motion can be decided absent additional discovery."  See id. (internal quotations and

5     citation omitted).

6          Here, the Court finds Moving Defendants' motions to dismiss (see Doc. Nos. 75,

7     77, 82) are potentially dispositive of the entire case.  One of said motions is based in part

8     on a failure to comply with Rule 8 of the Federal Rules of Civil Procedure, (see Doc. No.

9     82 at 1:17-18, 7:16-8:1), pursuant to which a pleading "must contain," inter alia, "a short

10    and plain statement of the claim showing that the pleader is entitled to relief, see Fed. R.

11    Civ. P. 8(a)(2), and must provide "fair notice" of the claims, see Biggins v. Wells Fargo &

12    Co., 266 F.R.D. 399, 408 (N.D. Cal. 2009) (noting "[o]ne purpose of Rule 8 is to put a

13    defendant on fair notice of the nature of the claims that are asserted against it and the

14    grounds upon which those claims rest").  A dismissal under Rule 8 goes to the entirety of

15    the pleading, see Coderre v. Burton, No. 2:21-cv-00965-TLN-DMC, 2022 WL 4484055, at

16    \*2 (E.D. Cal. Sept. 27, 2022) (finding dismissal under Rule 8 appropriate where "lack of

17    clarity permeates the entire Complaint"), and, consequently, a motion brought under Rule

18    8 is potentially dispositive of the entire case.

19         Further, the Court finds no discovery is required to respond to such a challenge,

20    namely, one based on the grounds that the operative pleading is unmanageable in form

21    and fails to give defendants fair notice.  See Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009)

22    ("Because respondent's complaint is deficient under Rule 8, he is not entitled to

23    discovery, cabined or otherwise."); see also Mujica v. AirScan Inc., 771 F.3d 580, 593

24    (9th Cir. 2014) (finding "plaintiffs must satisfy the pleading requirements of Rule

25    8 *before* the discovery stage, not after it") (emphasis in original).

26         Lastly, the Court, having taken a "preliminary peek" at the merits of the motions to

27    dismiss, finds defendants have made a sufficient showing to warrant the relief they seek.

28

United States District Court
Northern District of California

1     Accordingly, the Motion to Stay is hereby GRANTED.[1]

2     **IT IS SO ORDERED.**

3

4     Dated: December 2, 2024                     _Maxine M. Chesney_

5                                                 MAXINE M. CHESNEY
                                                  United States District Judge

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] In light of the above ruling, plaintiff's "Motion to Compel Production of Documents" (Doc. No. 124) and defendant Morgan Stanley & Company, LLC's "Motion for Administrative Relief Regarding Plaintiff's Motion to Compel" (Doc. No. 126) are hereby DENIED as moot.