IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JACOB GREENSPAN,<br><br>    Plaintiff,<br><br>  v.<br><br>ELON MUSK, et al.,<br><br>    Defendants. | Case No.  24-cv-04647-MMC<br><br>**AMENDED ORDER GRANTING MOTION TO STAY DISCOVERY PENDING RULING ON MOTIONS TO DISMISS; DENYING AS MOOT MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR ADMINISTRATIVE RELIEF REGARDING PLAINTIFF'S MOTION TO COMPEL**<br><br>Re: Doc. Nos. 101, 124, 126 |

Before the Court is the "Motion to Stay Discovery Pending Ruling on Motions to Dismiss" (ECF No. 101 ("Motion to Stay")), filed October 26, 2024, by Elon Musk, Tesla, Inc., the Elon Musk Revocable Trust dated July 22, 2003, X Corp., Excession, LLC, Jared Birchall, Morgan Stanley & Company, LLC, Singer Cashman LLP, Allison Huebert, Adam S. Cashman, Adam G. Mehes, and Alex Spiro (collectively, "Moving Defendants").  On November 12, 2024, plaintiff Aaron Jacob Greenspan ("Greenspan") filed opposition, to which Moving Defendants, on November 19, 2024, replied.  Having read and considered the papers filed in support of and in opposition to the Motion to Stay, the Court determines the matter appropriate for disposition on the parties' written submissions, VACATES the hearing scheduled for January 17, 2025,[1] and rules as follows.

A "district court has wide discretion in controlling discovery." See Little v. City of

---

[1] The sole amendment is to correct the typographical error as to the date of the above-referenced hearing.

1  Seattle, 863 F.2d 681, 685 (9th Cir. 1988).  "Courts in this district have applied a two-
2  pronged test to determine whether discovery should be stayed pending resolution of a
3  dispositive motion."  See Garcia v. Experian Info. Solutions, Inc., No. 5:23-cv-04672-BLF,
4  2024 WL 1117912, at *1 (N.D. Cal. Mar. 13, 2024).  First, the "pending motion must be
5  potentially dispositive of the entire case, or at least dispositive on the issue at which
6  discovery is directed," and second, "the court must determine whether the pending
7  motion can be decided absent additional discovery."  See id. (internal quotations and
8  citation omitted).

9  Here, the Court finds Moving Defendants' motions to dismiss (see Doc. Nos. 75,
10 77, 82) are potentially dispositive of the entire case.  One of said motions is based in part
11 on a failure to comply with Rule 8 of the Federal Rules of Civil Procedure, (see Doc. No.
12 82 at 1:17-18, 7:16-8:1), pursuant to which a pleading "must contain," inter alia, "a short
13 and plain statement of the claim showing that the pleader is entitled to relief, see Fed. R.
14 Civ. P. 8(a)(2), and must provide "fair notice" of the claims, see Biggins v. Wells Fargo &
15 Co., 266 F.R.D. 399, 408 (N.D. Cal. 2009) (noting "[o]ne purpose of Rule 8 is to put a
16 defendant on fair notice of the nature of the claims that are asserted against it and the
17 grounds upon which those claims rest").  A dismissal under Rule 8 goes to the entirety of
18 the pleading, see Coderre v. Burton, No. 2:21-cv-00965-TLN-DMC, 2022 WL 4484055, at
19 *2 (E.D. Cal. Sept. 27, 2022) (finding dismissal under Rule 8 appropriate where "lack of
20 clarity permeates the entire Complaint"), and, consequently, a motion brought under Rule
21 8 is potentially dispositive of the entire case.

22 Further, the Court finds no discovery is required to respond to such a challenge,
23 namely, one based on the grounds that the operative pleading is unmanageable in form
24 and fails to give defendants fair notice.  See Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009)
25 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to
26 discovery, cabined or otherwise."); see also Mujica v. AirScan Inc., 771 F.3d 580, 593
27 (9th Cir. 2014) (finding "plaintiffs must satisfy the pleading requirements of Rule
28 8 *before* the discovery stage, not after it") (emphasis in original).

Lastly, the Court, having taken a "preliminary peek" at the merits of the motions to dismiss, finds defendants have made a sufficient showing to warrant the relief they seek. Accordingly, the Motion to Stay is hereby GRANTED.[2]

**IT IS SO ORDERED.**

Dated: December 2, 2024

MAXINE M. CHESNEY
United States District Judge

---

[2] In light of the above ruling, plaintiff's "Motion to Compel Production of Documents" (Doc. No. 124) and defendant Morgan Stanley & Company, LLC's "Motion for Administrative Relief Regarding Plaintiff's Motion to Compel" (Doc. No. 126) are hereby DENIED as moot.