Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>ELON MUSK, TESLA, INC., X CORP., THE ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003, EXCESSION, LLC, JARED BIRCHALL, MORGAN STANLEY & COMPANY, LLC, OMAR QAZI, SMICK ENTERPRISES, INC., SINGER CASHMAN, LLP, ADAM S. CASHMAN, ALLISON HUEBERT, ADAM G. MEHES, and ALEX SPIRO,<br><br>    Defendants. | Case No. 3:24-cv-04647-MMC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO LIFT DISCOVERY STAY**<br><br>Time:           9:00 A.M.<br>Date:           August 15, 2025<br>Courtroom:  7<br><br>Judge: Hon. Maxine M. Chesney<br>State Action Filed: June 12, 2024<br>Removed: July 31, 2024<br>FAC Filed: August 28, 2024 |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO LIFT DISCOVERY STAY ................................... 1

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO LIFT DISCOVERY STAY ........ 1

I.   INTRODUCTION ................................................................................................. 1

II.  STATEMENT OF RELIEF SOUGHT .................................................................. 2

III. STATEMENT OF ISSUES .................................................................................... 2

IV.  FACTUAL BACKGROUND ................................................................................ 2

V.   ARGUMENT ......................................................................................................... 4

   A. Defendants' Anti-SLAPP Motions Directly Challenge Facts Alleged In The First Amended Complaint, Making Discovery Mandatory Pursuant To *Metabolife* ...... 4

      1. Tesla Defendants' Anti-SLAPP Motion (ECF No. 82) ............................. 4

      2. X Corp.'s Anti-SLAPP Motion (ECF No. 75) ........................................... 5

      3. Morgan Stanley's Anti-SLAPP Motion (ECF No. 77) .............................. 6

   B. The Ninth Circuit Is Re-Considering Whether State Anti-SLAPP Motions Can Be Heard In Federal Court ................................................................................... 6

VI.  CONCLUSION ...................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Abbas v. Foreign Policy Grp., LLC*,
   783 F.3d 1328, 1335 (D.C. Cir. 2015) ......................................................................... 7

*Banks v. Hoffman*,
   Case No. 20-CV-318, 301 A.3d 685, 707 n.33 (D.C. Sept. 7, 2023) .......................... 7

*Carbone v. Cable News Network, Inc.*,
   910 F.3d 1345, 1350 (11th Cir. 2018) ......................................................................... 7

*Flatley v. Mauro*,
   139 P. 3d 2, 46 Cal.Rptr.3d 606, 625 (Cal. 2006). ..................................................... 4

*Gopher Media LLC, et al. v. Melone, et al.*,
   Case No. 24-2626 (9th Cir. 2025) ............................................................................... 6

*Klocke v. Watson*,
   936 F.3d 240, 242 (5th Cir. 2019) ............................................................................... 7

*La Liberte v. Reid*,
   966 F. 3d 79 (2nd Cir. 2020) ....................................................................................... 7

*Metabolife Intern., Inc. v. Wornick*,
   264 F. 3d 832 (9th Cir. 2001) ............................................................................... passim

*Metabolife Intern., Inc. v. Wornick*,
  72 F.Supp.2d 1160 (S.D.Cal.1999) ................................................................................... 5

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F. 3d 981, 990 (9th Cir. 2009) ................................................................................... 6

**Rules**

Federal Rule of Civil Procedure 56 ........................................................................................ 1, 7

**NOTICE OF MOTION AND MOTION TO LIFT DISCOVERY STAY**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT**, on August 15, 2025, at 9:00 A.M., or as soon thereafter as the matter may be heard in the United States District Court for the Northern District of California in the San Francisco Courthouse, Courtroom 7, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, or via Zoom, Plaintiff Aaron Greenspan will, and hereby does, move this Court, pursuant to *Metabolife Intern., Inc. v. Wornick*, 264 F. 3d 832 (9th Cir. 2001), to lift the stay of discovery imposed via the Court's Order at ECF No. 131.  This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law, the other documents on file in this action, and upon such other and further evidence or argument that the Court may consider.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO LIFT DISCOVERY STAY**

**I.     INTRODUCTION**

Defendants are not entitled to a stay of discovery in this action.  While the Court analyzed Defendants' collective motion at ECF No. 101 to stay discovery through the lens of a motion to dismiss, Defendants did not merely file motions to dismiss—they also filed, improperly, solely in an attempt to bankrupt Plaintiff, three anti-SLAPP motions.  These anti-SLAPP motions directly challenge facts alleged by Plaintiff in the First Amended Complaint ("FAC") at ECF No. 55.  Pursuant to binding Ninth Circuit precedent, anti-SLAPP motions challenging facts are treated as motions for summary judgment, and pursuant to Federal Rule of Civil Procedure 56, ***discovery is required***.  This Court has no say in the matter unless Defendants wish to withdraw their anti-SLAPP motions.  The discovery stay must be lifted, and Plaintiff's prior motion to compel discovery at ECF No. 124 should be granted.  Plaintiff intends to use these documents to file an updated proposed Second Amended Complaint.

## II. STATEMENT OF RELIEF SOUGHT

Plaintiff seeks an Order from this Court lifting the stay of discovery improperly imposed via ECF No. 131 and granting Plaintiff relief on his motion to compel at ECF No. 124.

## III. STATEMENT OF ISSUES

The issues presented by this motion are whether Defendants' anti-SLAPP motions challenge factual assertions in the FAC, whether the Ninth Circuit's binding *Metabolife* precedent thus converts those motions into motions for summary judgment for discovery purposes, and whether this Court should wait for further Ninth Circuit precedent to issue concerning the viability of state anti-SLAPP motions in federal court given rulings from several other circuits indicating that they cannot be considered.

## IV. FACTUAL BACKGROUND

Defendant Musk is the CEO of Defendant Tesla, and has been sued more often for securities fraud than any person in history. FAC ¶ 56. Defendant Musk considers short sellers, who bet on the price of a stock going down, his "evil" enemy and has publicly threatened them on multiple occasions, even going so far as to call for their imprisonment and "blood." FAC ¶¶ 10, 26, 272. Plaintiff is an individual short seller who lost money when Tesla's stock increased based on serial fraudulent statements by Defendants Musk and Tesla. FAC ¶ 53. Defendant Jared Birchall is Defendant Musk's fixer and asset manager who previously worked for Defendant Morgan Stanley & Company, LLC. FAC ¶ 63. Discovery documents in a separate action regarding Twitter, Inc., which Defendant Musk purchased for $44 billion after unlawfully hiding his financial interest in the company and thus his interest in forcing the share price down—like a short seller—revealed that Defendant Birchall worked with Morgan Stanley on Musk's behalf to keep Musk's illegal trading activity "***absofuckinglutely Quiet***" (emphasis in original) and hidden from Morgan Stanley's compliance department. FAC ¶ 271. Prior to assisting Defendant Musk with his unlawful endeavors regarding Twitter, Morgan Stanley was closely involved with the promotion, trading, and offering of Tesla stock, including on behalf of Musk. FAC ¶¶ 275-283.

The parties, except Omar Qazi and Smick Enterprises, Inc. ("Smick"), held a Rule 26(f) discovery conference on October 14, 2024. Initial disclosures were due 14 days later. Plaintiff served requests for production of documents on Defendant Musk on October 16, 2024. Plaintiff served requests for production of documents on Defendant Morgan Stanley on October 18, 2024. Plaintiff timely served his initial disclosures on Defendants. On October 26, 2024, all Defendants except Qazi and Smick filed a motion to stay discovery pending a ruling on the motions to dismiss. ECF No. 101. All Defendants failed to serve any initial disclosures as required by the October 28, 2024 deadline. On October 29, 2024, Plaintiff e-mailed Defendants requesting a Rule 37 conference to discuss their discovery dispute, but Defendants refused to respond or engage. Defendants Musk and Morgan Stanley failed to respond to Plaintiff's discovery requests by the 30-day deadlines of November 15, 2024 and November 17, 2024, respectively. Instead, on November 18, 2024, Defendant Musk responded (by postal mail, which did not arrive until November 21, 2024) with only untimely objections, refusing to produce any documents. On November 19, 2024, without yet having seen Defendant Musk's untimely objections, Plaintiff filed his opposition to Defendants' motion to stay discovery. ECF No. 113. On November 20, 2024, Defendant Morgan Stanley responded with only untimely objections, also refusing to produce any documents (although Plaintiff only received these responses on November 21, 2024 after inquiring, as they never actually arrived by mail). Again, on November 21, 2024, Plaintiff e-mailed Defendants requesting a Rule 37 conference to discuss their discovery dispute, but Defendants again refused to respond or engage. On December 2, 2024, this Court granted Defendants' collective motion to stay discovery pending the outcome of the motions to dismiss, but the Court failed to analyze the motion through the lens of anti-SLAPP law or the Ninth Circuit's *Metabolife* precedent.

## V. ARGUMENT

### A. Defendants' Anti-SLAPP Motions Directly Challenge Facts Alleged In The First Amended Complaint, Making Discovery Mandatory Pursuant To *Metabolife*

Defendants are not merely challenging Plaintiff's claims as legally invalid. They also directly challenge Plaintiff's recitation of detailed facts based on documentary evidence in the Tesla Files and from publicly available sources. This flaw in their motions is fatal, as the Ninth Circuit has made clear that Defendants cannot have their cake and eat it too: if they effectively want summary judgment at this early stage of the action, then Plaintiff is entitled to mandatory discovery. *Metabolife Intern., Inc. v. Wornick*, 264 F. 3d 832 (9th Cir. 2001). Furthermore, discovery will show that Defendants engaged in consumer fraud and securities fraud, among other violations of law, for years, and that all of their "free speech" arguments are moot since anti-SLAPP protection cannot be granted in service of unlawful activity. "By necessary implication, the statute does not protect activity that, because it is illegal, is not in furtherance of constitutionally protected speech or petition rights." *Flatley v. Mauro*, 139 P. 3d 2, 46 Cal.Rptr.3d 606, 625 (Cal. 2006).

#### 1. Tesla Defendants' Anti-SLAPP Motion (ECF No. 82)

Defendant Musk and the Tesla Defendants (all except Morgan Stanley & Co., LLC, X Corp., Omar Qazi and Smick Enterprises, Inc.) challenge at least three facts that are key to Plaintiff's claims: a) whether there was at any point in time an agency relationship with Omar Qazi and/or Smick Enterprises, Inc., which factors into Plaintiff's state defamation, negligent infliction of emotional distress claims, and malicious prosecution (fraud on the court) claims; b) whether the Alameda County action against Plaintiff was filed with malice; and c) whether the Alameda County action against Plaintiff was filed without probable cause.

Whether or not an agency relationship exists is a question of fact that depends on evidence of control, and that evidence extends beyond a single document that Defendants cite as purported proof that no relationship exists. In Defendants' words, "This statement is a binding admission negating any agency relationship." ECF No. 82 at 19:23-24. Plaintiff says otherwise:

"Since 2019, Defendants Musk, Tesla and X Corp. have treated Defendants Qazi and Smick in such a manner as to cause any reasonable observer to believe that Qazi and Smick are actual or ostensible agent of Defendants Musk and/or Tesla…" FAC ¶ 529 (citing 24 independent factors). There is a dispute of fact here and discovery is needed to resolve it. "This information is in the defendants' exclusive control, and may be highly probative to Metabolife's burden of showing falsity." *Metabolife Intern., Inc. v. Wornick*, 264 F. 3d 832, 847 (9th Cir. 2001).

Furthermore, concerning the malicious prosecution (fraud on the court) claim, a party's motive, malice, and the reasonableness of their belief in probable cause are inherently factual issues that require discovery into their state of mind and the information they possessed. "As the district court noted, 72 F.Supp.2d at 1166, the issue of 'actual malice' (or, to put it another way, intent to convey the defamatory impression) cannot be properly disposed of by a motion to dismiss in this case, where there has been no discovery." *Id.* at 848. An additional factual dispute arises concerning the cause of Defendant Musk's sudden voluntary dismissal of the Alameda Case (*see* FAC ¶ 26) hours before Plaintiff was about to file a detailed motion for sanctions on the docket, which Defendant Musk had already been served with weeks prior. Defendant Musk now claims his dismissal had nothing to do with the sanctions motion. "The Hothi Action was dismissed pursuant to a $10,000.01 settlement." ECF No. 82 at 22:25. But is that true, or did Musk strategically settle with Randeep Hothi *to avoid being sanctioned*?

### 2. X Corp.'s Anti-SLAPP Motion (ECF No. 75)

Plaintiff alleges that X Corp.'s stated reason for terminating his accounts is a pretext, and that the real reasons are retaliatory. FAC ¶ 539. X Corp. disagrees. It claims that Plaintiff's accounts were terminated due to routine "content moderation" decisions. ECF No. 75 at 10:13-14. Both cannot be true.

X Corp. also asserts that its "Creator Ads Revenue Sharing Program" is just like Google's YouTube revenue sharing program for content creators. *Id.* at 10 n. 6. But is it? Plaintiff alleges that X Corp. specifically designed its program "for a limited number of Tesla and right-wing propagandists like [Omar Qazi]." FAC ¶ 28. Again, there is a factual dispute.

Since there are factual disputes at issue, and X Corp.'s anti-SLAPP motion must be treated as a motion for summary judgment on which discovery is required.

### 3. Morgan Stanley's Anti-SLAPP Motion (ECF No. 77)

Plaintiff alleges that Morgan Stanley's "Private Wealth Management" research was not initially issued in a public forum, but rather, to only some of its high-paying clients. FAC ¶¶ 478-49, 485 (noting Morgan Stanley's "right to sell gibberish to its clients"). Morgan Stanley alleges that restricted conference calls and research notes inaccessible by the general public are themselves a "public forum." ECF No. 77 at 5:22-24. Here again, there is a factual dispute.

Morgan Stanley also claims that "in context, [Morgan Stanley "analyst"] Adam] Jonas conveyed that the investing public—not himself or Morgan Stanley—viewed Tesla as a 'distressed credit story and restructuring story.'" *Id*. at 17:5-6. Plaintiff disputes this absurd interpretation of what happened on a private call for Private Wealth Management clients, alleging that he held "private client calls" where "his views were intended to stay private." FAC ¶ 478. Did he? Were they? Those are factual questions that must be resolved via discovery.

There is yet another factual dispute in that Plaintiff alleges that Morgan Stanley acted with scienter, and Morgan Stanley denies this—or at least that it acted "with a 'high level of scienter.'" ECF No. 77 at 18:17. "Plaintiff appears to allege that Morgan Stanley acted with scienter because it wanted to 'earn fee revenue' from underwriting Tesla's offerings and keep Musk's business." *Id*. at 18:18-19. Exactly what constitutes a "high level" of scienter turns on facts. "This inquiry is normally an 'intensely factual question'" (citations omitted). *Zucco Partners, LLC v. Digimarc Corp*., 552 F. 3d 981, 990 (9th Cir. 2009). To address these factual disputes, discovery is required.

### B. The Ninth Circuit Is Re-Considering Whether State Anti-SLAPP Motions Can Be Heard In Federal Court

In *Gopher Media LLC, et al. v. Melone, et al*., Case No. 24-2626 (9th Cir. 2025) the Ninth Circuit granted hearing en banc to re-evaluate whether state anti-SLAPP motions belong in federal court in the first place. The answer, according to many sister circuit courts, is no. "We

hold (for the first time) that California's anti-SLAPP statute is inapplicable in federal court because it conflicts with Federal Rules of Civil Procedure 12 and 56." *La Liberte v. Reid*, 966 F. 3d 79 (2nd Cir. 2020). *See also Klocke v. Watson*, 936 F.3d 240, 242 (5th Cir. 2019); *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018); *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1335 (D.C. Cir. 2015); *Banks v. Hoffman,* Case No. 20-CV-318, 301 A.3d 685, 707 n.33 (D.C. Sept. 7, 2023) (all invalidating aspects of state anti-SLAPP statutes in federal court or state courts using federal rules due to conflicts with Federal Rule of Civil Procedure 56). Oral argument was held before the Ninth Circuit in *Gopher Media* on June 24, 2025. See https://www.youtube.com/watch?v=RwcXG6QL27I. Thus, ruling on Defendants' state anti-SLAPP motions before a decision is issued would be premature and could lead to needless complexity. In the meantime, discovery is required under current Ninth Circuit precedent.

## VI.   CONCLUSION

Factual disputes abound in the Defendants' anti-SLAPP motions. Pursuant to the Ninth Circuit's binding precedent in *Metabolife*, discovery is required prior to the Court ruling on Defendants' anti-SLAPP motions, and the stay must be lifted. Accordingly, Plaintiff respectfully requests that his motion be granted, that the discovery stay be lifted, and that Plaintiff's prior motion to compel at ECF No. 124 be granted.

Dated: July 10, 2025                    Respectfully submitted,

_____
Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org