STEVEN J. OLSON (S.B. #182240)
solson@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Suite 1900
Los Angeles, California  90071-2811
Telephone:      +1 213 430 6000
Facsimile:       +1 213 430 6407

JAMES K. ROTHSTEIN (S.B. #267962)
jrothstein@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California  94111-3823
Telephone:      +1 415 984 8700
Facsimile:       +1 415 984 8701

Attorneys for Defendant Morgan Stanley & Company, LLC

(Counsel for additional Defendants included on signature page below)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ELON MUSK, TESLA, INC., X CORP., THE ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003, EXCESSION, LLC, JARED BIRCHALL, MORGAN STANLEY & COMPANY, LLC, OMAR QAZI, SMICK ENTERPRISES, INC., SINGER CASHMAN, LLP, ADAM S. CASHMAN, ALLISON HUEBERT, ADAM G. MEHES, and ALEX SPIRO,<br><br>Defendants. | Case No. 3:24-cv-04647-MMC<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO STRIKE PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY OR EXTEND TIME FOR BRIEFING**<br><br>Judge: Hon. Maxine M. Chesney<br>Courtroom: 7<br><br>State Action Filed: June 12, 2024<br>Removed: July 31, 2024 |

Pursuant to Civil Local Rules 6-3 and 7-11 and this Court's Standing Order, Defendants Morgan Stanley & Company, LLC ("Morgan Stanley"), Elon Musk, Tesla, Inc., the Elon Musk Revocable Trust dated July 22, 2003, Excession, LLC, Jared Birchall, Singer Cashman LLP, Allison Huebert, Adam S. Cashman, Adam G. Mehes, and Alex Spiro (together, "the Quinn Emanuel-represented Defendants"), and X Corp. (collectively, "Defendants") respectfully submit this Motion for Administrative Relief Regarding Plaintiff's Motion to Lift Discovery Stay, ECF No. 152 ("Motion to Lift Discovery Stay"). Defendants move the Court for an order striking Plaintiff's Motion to Lift Discovery Stay for failure to comply with Civil Local Rule 7-9. Alternatively, Defendants ask the Court to continue Defendants' deadline to file an opposition to Plaintiff's Motion to Lift Discovery Stay (currently July 24, 2025), until a date to be set by the Court at the upcoming Case Management Conference scheduled for July 25, 2025.

## I. INTRODUCTION

Plaintiff is a *pro se* litigant who has filed **seven** different complaints against Defendants Musk and Tesla, Inc. and purportedly related parties making the same accusations. His meritless claims have repeatedly been rejected, and he consistently shows no regard for either the Court's or the parties' time and resources. Even before the pleadings are settled, Plaintiff's antics have unnecessarily multiplied the proceedings: he has already sought reconsideration of the Court's imposition of the discovery stay (ECF No. 134), the Court's order vacating the hearing on Defendants' Motions to Dismiss (ECF No. 140), and the Court's denial of approximately $160 in service fees (ECF No. 108); filed two baseless "emergency" motions against Defendants (ECF Nos. 95, 104); filed an administrative motion to terminate Defendants' legal representation in this action (ECF No. 147); and served on Defendants (but never filed) a Rule 11 motion threatening sanctions.

Plaintiff's latest Motion (ECF No. 152) seeks to reargue the discovery stay the Court imposed in December 2024 pending a ruling on Defendants' Motions to Dismiss (ECF No. 132). This is not Plaintiff's first attempt to lift the stay. He previously opposed Defendants' stay request (ECF No. 112), and sought leave to file a motion for reconsideration regarding the stay order. ECF No. 134. The Court **did not** grant him leave to do so. Accordingly, Plaintiff was not

- 1 -

ADMINISTRATIVE MOTION RE
MOTION TO LIFT DISCOVERY STAY
3:24-CV-04647-MMC

permitted to file a motion for reconsideration. Civil L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."). Although not titled as such, his recent Motion to Lift Discovery Stay is simply a procedurally improper motion for reconsideration of the Court's December order. *See* ECF No. 152 at 2 ("Plaintiff seeks an Order from this Court lifting the stay of discovery improperly imposed via ECF No. 131 . . . ."). None of the circumstances that justified the stay in the first place have changed; Plaintiff merely seeks to reargue the merits of the stay this Court already imposed.

Because Plaintiff's Motion to Lift Discovery Stay fails to comply with the Civil Local Rules, this Court can, and should, strike the Motion. If the Court does not strike the Motion, Defendants submit that the deadline for Defendants to file briefs in opposition to the Motion be continued until after next week's Case Management Conference. In fact, Defendants' current opposition deadline is July 24, 2025—just one day before the July 25 Case Management Conference. Forcing Defendants to file briefs in opposition to Plaintiff's procedurally improper motion immediately before the Case Management Conference—where the parties and the Court will undoubtedly discuss the current discovery stay—would impose an undue burden and waste party and Court resources. Defendants therefore respectfully request that, in the event the Court does not strike the Motion, the Court continue their opposition deadline until a date to be set by the Court at the Case Management Conference. Defendants asked Plaintiff to stipulate to this relief, but he refused. Rothstein Decl. ¶ 2.

## II. RELEVANT PROCEDURAL HISTORY

***Motion to Stay Discovery and Motion to Compel Production of Documents.*** Plaintiff served requests for production of documents on Defendants Musk and Morgan Stanley by mail on October 16 and 18, 2024, respectively. ECF No. 124 at 4. On October 26, 2024, Defendants filed a Motion to Stay Discovery, requesting that the Court stay discovery, including the exchange of initial disclosures, pending a ruling on Defendants' Motions to Dismiss. ECF No. 101. Plaintiff opposed the motion. ECF No. 112.

Defendants Musk and Morgan Stanley timely served objections to Plaintiff's discovery requests on November 18 and November 20, respectively. ECF No. 124 at 4. On Saturday,

1  November 23, Plaintiff filed a Motion to Compel Musk and Morgan Stanley to produce
2  documents in response to his discovery requests.  ECF No. 124.  On November 26, Morgan
3  Stanley and Musk filed an administrative motion seeking to continue their deadline for opposing
4  Plaintiff's Motion to Compel until after the Court decided three sets of fully-briefed motions—
5  Defendants' Motions to Dismiss, Plaintiff's Emergency Motion for Leave Second Amended
6  Complaint, and Defendants' Motion to Stay Discovery—which would likely moot the Motion to
7  Compel.  ECF No. 126.

8  On December 2, the Court granted Defendants' Motion to Stay Discovery, finding the
9  Defendants' Motions to Dismiss were "potentially dispositive of the entire case" and that no
10 discovery was required to respond to the Motions to Dismiss.  ECF No. 132.  In light of that
11 ruling, the Court denied as moot Plaintiff's Motion to Compel and Defendants' Motion for
12 Administrative Relief.  *Id.*

13 **Motion for Leave to File Motion for Reconsideration.**  Just three days after the Court
14 granted the stay, Plaintiff sought leave to file a motion for reconsideration of the Court's order
15 under Civil Local Rule 7-9.  ECF No. 134.  Plaintiff argued that "Defendants have tricked the
16 Court into granting a discovery stay that it absolutely should not have," and that the "Court's
17 citations have nothing to do with Plaintiff's pleading and do not stand for the principles the Court
18 alleges."  *Id.* at 2 & 6.  The Court did not grant Plaintiff's motion for leave.

19 **Motion to Lift Discovery Stay.**  Despite no intervening change in circumstances, and even
20 though the Court did not grant Plaintiff's motion for leave, Plaintiff filed the instant Motion to
21 Lift Discovery Stay on July 10, 2025.  ECF No. 152.  Plaintiffs' Motion argues that "the Court
22 failed to analyze the motion [to stay discovery]" under Ninth Circuit precedent.  The Motion
23 requests that the Court lift the discovery stay (ECF No. 132) and grant Plaintiff's Motion to
24 Compel (ECF No. 124).  Defendants' opposition briefs are currently due July 24, 2025.  A Case
25 Management Conference is scheduled for July 25, 2025.

26 **III.    ARGUMENT**
27 The issues in dispute in this litigation remain undefined until the Court rules on
28 Defendants' pending Motions to Dismiss, which may dispose of or significantly alter the claims

on which Plaintiff seeks discovery.  Indeed, the Court has acknowledged that Defendants' Motions to Dismiss "are potentially dispositive of the entire case." ECF No. 132 at 2.  The Court imposed a discovery stay pending a ruling on Defendants' Motions to Dismiss and declined to grant Plaintiff leave to file a motion for reconsideration of that order.  Plaintiff now improperly attempts a second bite of the apple with his Motion to Lift Discovery Stay, in contravention of the Civil Local Rules.

Plaintiff's Motion, which he styles as a Motion to Lift Discovery Stay, is in essence a motion for reconsideration of the Court's order imposing the discovery stay.  The Motion "seeks an Order from this Court lifting the stay of discovery improperly imposed." Mot. at 2.  The Motion is an attempted end-run around Civil Local Rule 7-9, under which "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."  Plaintiff's Motion includes several pages' of "factual background" and procedural history, but Plaintiff omits entirely that he already sought, but was not granted, leave to file a motion for reconsideration of the discovery stay.  Plaintiff does not identify any intervening change in the facts or procedural posture of the case since the Court stayed discovery and Plaintiff first sought leave to move for reconsideration.

This Court has consistently rejected such procedural gamesmanship.  *See, e.g.*, *Mandujano v. Geithner*, 2011 WL 3566357, at *3 (N.D. Cal. Aug. 12, 2011) (denying motion for reconsideration styled as a "Motion for New Trial" where movant subsequently requested leave to file motion for reconsideration); *Athena Feminine Techs. Inc. v. Wilkes*, 2013 WL 1820258, at *1 (N.D. Cal. Apr. 30, 2013) (denying plaintiff's renewed motion for leave to file complaint, which was "at its core, a motion for reconsideration," for failure to comply with Civil Local Rule 7-9); *United States v. Ass'n of Behav. Consultants*, 2020 WL 32330, at *3 (N.D. Cal. Jan. 2, 2020) (declining to "disturb its previous rulings" where movant's request was "in essence a motion for reconsideration in violation of Civil Local Rule 7-9").

Because Plaintiff failed to comply with the Civil Local Rules, the Court should strike the Motion to Lift Discovery Stay.  *See Seifi v. Mercedes-Benz U.S.A., LLC*, 2014 WL 8370026, at *1 (N.D. Cal. Dec. 17, 2014) (granting administrative motion to strike motion filed in violation of

the Civil Local Rules); *Tri-Valley CARES v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); *Austin v. Lyft, Inc.*, 2022 WL 395310, at *2 (N.D. Cal. Feb. 9, 2022) ("[B]y failing to seek leave of the court before filing his motion for reconsideration, [plaintiff] has not complied with the Local Rules of this district, and, on that basis alone, the motion will be denied."). The fact that Plaintiff "is proceeding pro se does not excuse his non-compliance with the procedural rules of this Court." *Austin*, 2022 WL 395310, at *2.

In the event that the Court does not strike the Motion, Defendants submit that it would be a tremendous waste of Defendants' time and resources to oppose Plaintiff's improper Motion prior to the upcoming Case Management Conference, given the unsettled nature of the pleadings and the high likelihood that the Court will discuss the status of the case, including discovery, at the Conference.

Moreover, the requested relief would cause no prejudice to Plaintiff. Defendants' Motions to Dismiss remain pending, and no discovery schedule or trial date has yet been set. Rothstein Decl. ¶ 3. In the unlikely event that any of Plaintiff's claims survive Defendants' Motions to Dismiss, the requested relief would have no impact on Plaintiff's ability to conduct discovery within the parameters of whatever case schedule the Court sets. *Id.*

## IV.   CONCLUSION

For the foregoing reasons, Defendants request that the Court strike Plaintiff's Motion to Lift Discovery Stay for failure to comply with the Civil Local Rules. Alternatively, Defendants request that the Court continue Defendants' deadline to file an opposition to Plaintiff's Motion to Lift Discovery Stay until date to be set by the Court at the Case Management Conference on July 25, 2025.

Dated: July 14, 2025

                STEVEN J. OLSON
                JAMES K. ROTHSTEIN
                O'MELVENY & MYERS LLP

By:   */s/ Steven J. Olson*
        Steven J. Olson

Attorneys for Defendant Morgan Stanley & Company, LLC

ANTHONY P. ALDEN
DANIELLE SHRADER-FRECHETTE
QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Anthony P. Alden*
        Anthony P. Alden

Attorneys for Defendants Elon Musk, Tesla, Inc., the Elon Musk Revocable Trust dated July 22, 2003, Excession, LLC, Jared Birchall, Singer Cashman LLP, Allison Huebert, Adam S. Cashman, Adam G. Mehes, and Alex Spiro

KENNETH M. TRUJILLO-JAMISON
WILLENKEN LLP

By:   */s/ Kenneth M. Trujillo-Jamison*
        Kenneth M. Trujillo-Jamison

Attorneys for Defendant X Corp.