Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA 94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>   Plaintiff,<br><br>   v.<br><br>ELON MUSK, TESLA, INC., X CORP., THE ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003, EXCESSION, LLC, JARED BIRCHALL, MORGAN STANLEY & COMPANY, LLC, OMAR QAZI, SMICK ENTERPRISES, INC., SINGER CASHMAN, LLP, ADAM S. CASHMAN, ALLISON HUEBERT, ADAM G. MEHES, and ALEX SPIRO,<br><br>   Defendants. | Case No. 3:24-cv-04647-MMC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' PURPORTED "ADMINISTRATIVE MOTION TO STRIKE" PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY OR EXTEND TIME FOR BRIEFING**<br><br>Judge: Hon. Maxine M. Chesney<br>State Action Filed: June 12, 2024<br>Removed: July 31, 2024<br>FAC Filed: August 28, 2024 |

## I. INTRODUCTION

Defendants except for Omar Qazi and Smick Enterprises, Inc. ("Moving Defendants") insist that ECF No. 152, Plaintiff's properly-noticed Motion To Lift Discovery Stay, is actually an improper stealth motion for reconsideration that skirts Civil Local Rule 7-9. This is false. In the alternative to an order striking ECF No. 152, Moving Defendants ask for an extension of time to file an opposition brief because they hoped to avoid needing to file one before the previously-scheduled July 25, 2025 initial case management conference. That conference is now off-calendar, so there is no longer even a pretext for an extension being necessary.

## II. ARGUMENT

### A. Plaintiff's Motion To Lift Discovery Stay Is Not A Motion For Reconsideration Because There Is Nothing It Asks The Court To Reconsider

The main problem with Moving Defendants' core argument is that Plaintiff is not asking the Court to reconsider anything. The enumerated reasons to file a motion for reconsideration pursuant to Civil Local Rule 7-9(b) do not apply here; sub-section (b)(3) only applies to "[a] manifest failure by the Court to consider material facts or dispositive legal arguments *which were presented to the Court*…" (emphasis added). Civil Local Rule 7-9(b)(3). The arguments in Plaintiff's Motion To Lift Discovery Stay, which concern Moving Defendants' anti-SLAPP motions, were not presented to the Court previously, nor did the Court raise them on its own, which is why there is nothing the Court is being asked to reconsider.[1] Rather, the Motion To Lift Discovery Stay presents an entirely new argument about binding precedent that was not previously raised by anyone and stands on its own. This argument happens to be fatal to Moving Defendants' case, which depends on preventing Plaintiff from having access to discovery.

Even if the Court somehow believes that ECF No. 152 is really a motion for reconsideration in disguise—which it is not—Moving Defendants' arguments still depend on

---

[1] The key terms "anti-SLAPP" and "*Metabolife*" raised by ECF No. 152 do not appear once in ECF Nos. 131 (the Order imposing a discovery stay), 132 (the amended version of that Order), or 134 (Plaintiff's Motion for Leave to File Motion for Reconsideration of Order Imposing Discovery Stay). No Defendant opposed ECF No. 134; the Court has yet to rule on it.

lies. "None of the circumstances that justified the stay in the first place have changed" they write. Motion at 3:5-6. Were the "circumstances" referred to not so dire, this falsehood would be laughable. Between the time that Moving Defendants first requested a stay on October 26, 2024 and now, the following has taken place:

- Defendant Musk used his earnings from serial consumer and securities frauds to purchase the Presidential election for approximately a quarter-billion dollars, which he then swung in favor of Donald Trump and Republicans, *which Musk admits*[2];

- After Donald Trump was "inaugurated" despite being Constitutionally ineligible to serve at least three different ways, Defendant Musk alongside Trump—both Russian assets—worked on behalf of Russian President Vladimir Putin and various Russian intelligence agencies to raid and then cripple the United States Government, *with the goal of undermining the United States Constitution* and a top priority of extracting and revealing classified data specifically concerning American intelligence assets, starting with the United States Agency for International Development (USAID), but also involving the Internal Revenue Service (IRS) and dozens of other agencies[3];

- Through his Russian-backed fake "Department" of "Government Efficiency," Defendant Musk began attempting to join various government databases to establish centralized profiles of United States residents, *including Plaintiff*[4];

---

[2] *See* https://x.com/elonmusk/status/1930667528696828120 ("Without me, Trump would have lost the election, Dems would control the House and the Republicans would be 51-49 in the Senate.").

[3] *See* "Subcommittee Democrats Call Out the Trump-Musk Administration for Undermining Global Democracy, Freedom, and National Security by Aligning with Russia and Dismantling USAID," February 26, 2025, https://oversightdemocrats.house.gov/news/press-releases/subcommittee-democrats-call-out-trump-musk-administration-undermining-global. *See also* ECF No. 105-2, *The Wall Street Journal*, "Elon Musk's Secret Conversations With Vladimir Putin" by Thomas Grove, Warren P. Strobel, Aruna Viswanatha, Gordon Lubold, and Sam Schechner, October 25, 2024.

[4] *See Wired*, "Palantir Is Helping DOGE With a Massive IRS Data Project" by Makena Kelly, April 11, 2025, https://www.wired.com/story/palantir-doge-irs-mega-api-data/. *See also* National Public Radio, "A whistleblower's disclosure details how DOGE may have taken sensitive labor data" by Jenna McLaughlin, April 15, 2025, https://www.npr.org/2025/04/15/nx-

- Upon information and belief, Defendant Musk engaged in *ex parte* communication with this Court when he instructed his staff to e-mail every federal employee in the Office of Personnel Management database and demand reports back on periodic progress, *in violation of the separation of powers in the United States Constitution*[5].

These facts establish that Moving Defendants are not entitled to legal counsel, as attorneys take an oath to uphold the Constitution—an oath fundamentally incompatible with aiding fascist clients working to emulate Hitler's unilateral control over Nazi Germany[6] while employing a mass propaganda tool deployed daily against Americans by Russian intelligence. They also establish that Moving Defendants, especially Defendant Elon Musk, have deviated so far out of bounds from normal litigation practice by *temporarily taking over the United States Government at the behest of the Russian Federation and extracting statutorily protected data about United States citizens from dozens of agencies* that any claim to need to pause discovery while they raid the federal government could not possibly be taken seriously. Defendant Musk's actions amount to treason; it is a wonder, as well as a testament to the deep corruption rotting this nation, that he is still able to freely walk on United States soil. Defendant Musk now has access to protected information about Plaintiff, but this access is anything but bilateral.

**B.    There Is No Such Thing As An "Administrative Motion To Strike"**

Perhaps drawing inspiration from the famous quote attributed to Carl Sandburg,[7] Moving Defendants have styled their filing as an "Administrative Motion To Strike" while banging their

---

s1-5355896/doge-nlrb-elon-musk-spacex-security (detailing unexpected federal data transmission to the Russian Federation). *See also Wired*, "DOGE Is Building a Master Database to Surveil and Track Immigrants" by Makena Kelly and Vittoria Elliott, April 18, 2025, https://www.wired.com/story/doge-collecting-immigrant-data-surveil-track/.

[5] *See* TPM, "Judicial Branch Instructs Employees To Ignore Mass DOGE Email," February 23, 2025, https://talkingpointsmemo.com/news/judicial-branch-instruct-employees-to-ignore-mass-doge-email.

[6] *See The Guardian*, "Musk's AI firm forced to delete posts praising Hitler from Grok chatbot" by Josh Taylor, July 8, 2025, https://www.theguardian.com/technology/2025/jul/09/grok-ai-praised-hitler-antisemitism-x-ntwnfb.

[7] "If the facts are against you, argue the law. If the law is against you, argue the facts. If the law and the facts are against you, pound the table and yell like hell."

proverbial fists on the table about the Civil Local Rules. Yet the Civil Local Rules of this Court make clear that there can be no such thing as an Administrative Motion To Strike. Civil Local Rule 7-11 states that, "during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, ***not otherwise governed*** by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge" (emphasis added). Yet motions to strike are "otherwise governed," specifically by Federal Rule of Civil Procedure 12(f), which allows the Court to strike on a motion or *sua sponte* "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Federal Rule of Civil Procedure 12(f). No "defense" would be presented in a Motion To Lift Discovery Stay (and Plaintiff does not present one), and Moving Defendants do not offer a single example of any "redundant, immaterial, impertinent, or scandalous matter."

To the contrary—the "matter" in the motion at issue is directly material to the interests of Moving Defendants, which is why they immediately attempted to have it removed from the record. While a request for an extension of time can be handled via an Administrative Motion, according to the Civil Local Rules, a motion to strike cannot.

If Moving Defendants wish to debate whether ECF No. 152 should be struck from the record, this Court should require them to abide by the Rules like everyone else and formally notice a motion pursuant to Rule 12(f) substantiated by facts and caselaw.

### C.   No Extension of Time To File An Opposition Brief Is Warranted

Moving Defendants seek to prolong the day when Plaintiff is granted full access to discovery materials, because once that happens, their house of cards will crumble. An extension of time is not necessary, and Moving Defendants make no attempt to substantiate the need for one. The instant motion is repetitive and verbose to belie the simple truth that Moving Defendants have lots of money, but no facts or legal arguments on their side.

In fact, the opposite is true. By granting the discovery stay, this Court contradicted itself:

> "While a district court has broad discretion to stay discovery pending the resolution of a dispositive motion, ***it is an abuse of that discretion to stay discovery if the plaintiff is denied discovery that relates to the motion***. *See Scroggins v. Air Cargo,*

*Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976).  Here, the stay of discovery, which was granted pending resolution of defendants' qualified immunity defense, significantly limits plaintiff's ability to oppose defendants' other arguments.  Although 'the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs.'  *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (citing *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988))" (emphasis added, footnote omitted).

*Furnace v. Knuckles et al*, Case No. 3:09-cv-06075-MMC (N.D. Cal. August 29, 2011).  Rather than grant Moving Defendants extra time, the Court should correct its error and immediately lift the discovery stay, which was an abuse of discretion from the moment it was entered.

### D.   Nothing Defendants Say Can Be Trusted

On July 9, 2025, only days ago, the law firm of Quinn Emanuel Urquhart & Sullivan LLP, which has represented and still represents numerous defendants in this action (including, secretly, Omar Qazi and Smick Enterprises, Inc.), was sanctioned **nearly $3 million** for lying to a court.  And not just any court—this Court.  *See Guardant Health, Inc. v. Natera, Inc.*, Case No. 3:21-cv-04062-EMC (N.D. Cal. July 9, 2025).

Plaintiff has long maintained that opposing counsel have engaged in sanctionable misconduct, including brazen lying to the Court.  *See* FAC ¶¶ 589-635.  *See also* ECF No. 134 at 1:19-2:14.  This latest round of monetary sanctions only serves to dramatically underscore Plaintiff's point.  Discovery will reveal that many of the representations opposing counsel have made to the Court in this action and its predecessor actions are unequivocally false, and opposing counsel knew they were false when they made them.

## III.   CONCLUSION

Moving Defendants' purported "Administrative Motion to Strike" should be denied as unauthorized by the Civil Local Rules, deficient in regard to the requirements of Federal Rule of Civil Procedure 12(f), and based on faulty reasoning.

Dated: July 15, 2025                Respectfully submitted,

_____
Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org