Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>        v.<br><br>ELON MUSK, TESLA, INC., X CORP., THE ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003, EXCESSION, LLC, JARED BIRCHALL, MORGAN STANLEY & COMPANY, LLC, OMAR QAZI, SMICK ENTERPRISES, INC., SINGER CASHMAN, LLP, ADAM S. CASHMAN, ALLISON HUEBERT, ADAM G. MEHES, and ALEX SPIRO,<br><br>    Defendants. | Case No. 3:24-cv-04647-MMC<br><br>**PLAINTIFF'S OBJECTIONS TO BILL OF COSTS**<br><br>Judge: Hon. Maxine M. Chesney<br>State Action Filed: June 12, 2024<br>Removed: July 31, 2024<br>FAC Filed: August 28, 2024 |

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................... 1

II.     ARGUMENT .................................................................................................................. 1

        A.      Legal Standard ................................................................................................... 1

        B.      No Moving Defendant Is A Prevailing Party With Regard To Any State Claim,
                and Those Claims Did Not Necessarily Need To Be Removed To Federal Court . 2

        C.      In Order To Harass Plaintiff, After Failing To Dismiss The State Claims, By
                Their Own Admission Moving Defendants Spent Far In Excess of $405.00 To
                Request $405.00 In Elective Costs ....................................................................... 2

        D.      The Parties Met and Conferred ........................................................................... 3

III.    CONCLUSION ............................................................................................................... 3

**TABLE OF AUTHORITIES**

**Cases**

*Cataphora Inc. v. Parker*,
    848 F. Supp. 2d 1064, 1068 (N.D. Cal. 2012) .............................................................. 2

*Greenspan v. Qazi et al*,
    Case No. 3:20-cv-03426-JD (N.D. Cal. *filed* May 20, 2020) ...................................... 2

*Idea Place Corp. v. Fried*,
    F. Supp. 2d 903, 905 (N.D. Cal. 2005) ....................................................................... 1

*R. et al v. San Ramon Valley Unified School District*,
    Case No. 3:05-cv-00441-SI (N.D. Cal. July 6, 2006) .................................................. 1

**Statutes**

28 U.S.C. § 1927 ................................................................................................................... 2

**Rules**

Civil Local Rule 54-1(a) .................................................................................................. 1, 2

Civil Local Rule 54-2 ......................................................................................................... 1

Civil Local Rule 54-2(b) .................................................................................................... 3

Federal Rule of Civil Procedure 54(d)(1) .......................................................................... 1

1

**I.      INTRODUCTION**

2

3

Pursuant to Civil Local Rule 54-2, Plaintiff files these objections to the Bill of Costs at

4

ECF No. 160.  Defendants represented by Quinn, Emanuel, Urquhart & Sullivan, LLP ("Quinn

5

Emanuel") ("Moving Defendants") request compensation for their $405.00 filing fee to remove

6

this case to federal court.  Moving Defendants are not the prevailing party.  Therefore, they are

not entitled to costs.

7

**II.     ARGUMENT**

8

9

**A.      Legal Standard**

10

In keeping with Federal Rule of Civil Procedure 54(d)(1), which in relevant part reads,

11

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than

12

attorney's fees—should be allowed to the ***prevailing party***" (emphasis added), this Court's Civil

Local Rule 54-1(a) states,

13

14

15

16

17

> "No later than 14 days after entry of judgment or order under which costs may be
> claimed, a ***prevailing party*** claiming taxable costs must serve and file a bill of costs.
> The bill must state separately and specifically each item of taxable costs claimed.
> It must be supported by an affidavit, pursuant to 28 U.S.C. §1924, that the costs are
> correctly stated, were necessarily incurred, and are allowable by law.  Appropriate
> documentation to support each item claimed must be attached to the bill of costs"
> (emphasis added).

18

Civil Local Rule 54-1(a).  Often, there is no "prevailing party" in a case and so fees and costs

19

cannot be awarded.  "The Court dismissed plaintiffs' breach of contract claim for lack of

20

jurisdiction, and made no determination whatsoever as to the merits of that claim.  Plaintiffs

21

remain free, after this Court's decision, to pursue their breach of contract claims in state court.

22

*See Idea Place Corp. v. Fried*, F. Supp. 2d 903, 905 (N.D. Cal. 2005) (holding defendant not

23

entitled to fees under Section 1717 because court dismissed breach of contract case for lack of

24

subject matter jurisdiction)."  *R. et al v. San Ramon Valley Unified School District*, Case No.

25

3:05-cv-00441-SI (N.D. Cal. July 6, 2006).  *See also Cataphora Inc. v. Parker*, 848 F. Supp. 2d

26

1064, 1068 (N.D. Cal. 2012).

27

28

---

PLAINTIFF'S OBJECTIONS TO BILL OF COSTS                              3:24-cv-04647-MMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.      No Moving Defendant Is A Prevailing Party With Regard To Any State Claim, and Those Claims Did Not Necessarily Need To Be Removed To Federal Court**

Moving Defendants ask for the Court to compensate them for the purportedly "necessarily incurred" expense of removing Plaintiff's state claims to federal court. ECF No. 160. Their improper request must be denied for at least two reasons.

First, it was not necessary for Moving Defendants to bring those claims before a federal judge—they elected to, because they hoped that by relating the removed action to *Greenspan v. Qazi et al*, Case No. 3:20-cv-03426-JD (N.D. Cal. *filed* May 20, 2020), District Judge James Donato would dismiss the entire case immediately. He did not. This Court then ruled that Plaintiff's state claims should be remanded back to state court without dismissing any of them. ECF No. 156. Second, this resulted in there being no "prevailing party" with regard to the removed state claims. Thus, pursuant to Civil Local Rule 54-1(a), Moving Defendants are not entitled to fees or costs.

While Moving Defendants can argue that they were successful in dismissing Plaintiff's federal claims by engaging in an unlawful plot to undermine the United States Constitution, those claims were not part of the operative complaint at the time of removal on July 31, 2024. ECF No. 1. Thus, the $405.00 expenditure for the removal filing fee had nothing to do with the dismissed federal claims.

**C.      In Order To Harass Plaintiff, After Failing To Dismiss The State Claims, By Their Own Admission Moving Defendants Spent Far In Excess of $405.00 To Request $405.00 In Elective Costs**

Plaintiff incorporates by reference the arguments made in his contemporaneously-filed Opposition To Defendants' Motion For Sanctions Pursuant to 28 U.S.C. § 1927 And The Court's Inherent Authority. As proven by Moving Defendants' willingness to exceed the value of their claimed costs in spending on their own attorney's fees, just to waste Plaintiff's time, the Bill of Costs at ECF No. 160 is part of Moving Defendants' campaign of harassment—the subject of this lawsuit—and it should not be rewarded or encouraged by the Court.

PLAINTIFF'S OBJECTIONS TO BILL OF COSTS                                    3:24-cv-04647-MMC

2

**D.    The Parties Met and Conferred**

The parties met and conferred regarding this filing as required by Civil Local Rule 54-2(b).  Counsel for Moving Defendants made no statement during the conference to substantively support his clients' position.

**III.    CONCLUSION**

Moving Defendants' request for reimbursement of their elective costs as non-prevailing parties on the relevant claims should be denied.


Dated: August 13, 2025                    Respectfully submitted,


Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org