QUINN EMANUEL URQUHART & SULLIVAN LLP
Anthony P. Alden (SBN 232220)
anthonyalden@quinnemanuel.com
Danielle Shrader-Frechette (SBN 300842)
daniellefrechette@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendants Elon Musk, Tesla, Inc., the Elon Musk Revocable Trust dated July 22, 2003, Excession, LLC, Jared Birchall, Singer Cashman LLP, Allison Huebert, Adam S. Cashman, Adam G. Mehes, and Alex Spiro*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ELON MUSK, an individual, TESLA, INC., a Delaware corporation, THE ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003, a trust, X CORP., a Nevada corporation formerly known as TWITTER, INC., EXCESSION, LLC, a Texas Limited Liability Company, JARED BIRCHALL, an individual, MORGAN STANLEY & COMPANY, LLC, a Delaware Limited Liability Company, OMAR QAZI, an individual, SMICK ENTERPRISES, INC., a Delaware corporation, SINGER CASHMAN, LLP, a California partnership, ADAM S. CASHMAN, an individual, ALLISON HUEBERT, an individual, ADAM G. MEHES, an individual, and ALEX SPIRO, an individual, and DOES 1-10, inclusive.<br><br>Defendants. | Case No. 3:24-cv-04647-MMC<br><br>**SUPPLEMENTAL DECLARATION OF ANTHONY P. ALDEN IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY**<br><br>Hearing Date: September 5, 2025<br>Time: 9:00 a.m.<br>Courtroom 7<br><br>State Action Filed: June 12, 2024<br>Removed: July 31, 2024<br><br>**[Removed from Superior Court of California, County of San Francisco, Case No. CGC-24-615352]** |

I, Anthony P. Alden, declare as follows:

1. I am a partner at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), counsel of record for Defendants Elon Musk, Tesla, Inc., the Elon Musk Revocable Trust dated July 22, 2003, Excession, LLC, Jared Birchall, Allison Huebert, Adam G. Mehes, Adam S. Cashman, Singer Cashman, LLP, and Alex Spiro ("Defendants") in this matter. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I have overseen the attorneys tasked with responding to the various motions and requests filed by Plaintiff Aaron Greenspan referenced in Defendants' Motion for Sanctions Pursuant to U.S.C. § 1927 and the Court's Inherent Authority (the "Motion"), including, as stated in my July 31, 2025 Declaration in Support of the Motion (the "July 31 Declaration"), Danielle Shrader-Frechette and Daniel Sieradzki. ECF No. 161-1.

3. As explained in the Motion and Defendants' Reply, Defendants seek to recover a portion of their attorneys' fees incurred in responding to the following submissions filed by Mr. Greenspan in the action:

- ECF No. 95 - Emergency Motion for Temporary Restraining Order and Permanent Injunction Against Defendant Elon Musk;
- ECF No. 100 - Emergency Motion for Leave to File Second Amended Complaint, or in the Alternative the Stay Case;
- ECF No. 125 - Administrative Motion for Leave to File Sur-Reply in Opposition to Motions to Dismiss and Special Motions to Strike;
- ECF No. 134 - Motion for Leave to File Motion for Reconsideration of Order Imposing Discovery Stay;
- ECF No. 140 - Motion for Leave to File Motion for Reconsideration of Order Vacating Hearings on Defendants' Motions to Strike/Dismiss and Denying Administrative Motion for Leave to File Sur-Reply;

- ECF No. 141 - Request for Judicial Notice in Support of Plaintiff's Opposition to Defendants' Motions to Dismiss and Special Motions to Strike Plaintiff's First Amended Complaint;
- ECF No. 147 - Administrative Motion to Permanently Terminate Defendants' Legal Representation Due to Treasonous Conspiracy to Overturn the United States Constitution and Overthrow the Federal Government; and

ECF No. 152 - Motion to Lift Discovery Stay.

These filings are collectively referred to herein as the "Frivolous Motions."

4. More specifically, Defendants seek to recover a portion of their attorneys' fees incurred in connection with analyzing the Frivolous Motions and preparing the following responses: Defendant Elon Musk's Opposition to Plaintiff's Motion for a Temporary Restraining Order (ECF No. 97); Defendants' Opposition to Plaintiff's Emergency Motion for Leave to File Second Amended Complaint, or in the Alternative, Stay the Case (ECF No. 104); Defendants' Opposition to Plaintiff's Administrative Motion for Leave to File Sur-Reply (ECF No. 128); Defendants' Opposition to Plaintiff's Request for Judicial Notice (ECF No. 142); Defendants' Opposition to Plaintiff's Administrative Motion to Permanently Terminate Defendants' Legal Representation Due to Treasonous Conspiracy to Overturn the United States Constitution and Overthrow the Federal Government (ECF No. 148); and Defendants' Administrative Motion to Strike Plaintiff's Motion to Lift Discovery Stay or Extent Time for Briefing (ECF No. 153) (collectively the "Responses").

5. To calculate the attorneys' fees incurred in analyzing the Frivolous Motions and preparing the Responses, my firm's billing department generated an electronic report of all time entries and associated fees billed to the Defendants in the action (the "Electronic Billing Report"). This report contained all time entries entered into the firm's billing system by every attorney who has worked on the matter and describes each task on which the attorney worked and the specific amount of time the attorney worked on that task.

6. I then instructed two attorneys at the firm who have worked on the matter to review the Electronic Billing Report and to isolate those time entries that clearly related to the Frivolous

1  Motions and preparation of the Responses.  If any time entry in the Electronic Billing Report did
2  not relate to a Frivolous Motion, or it could not be definitively determined that the time entry
3  related to a Frivolous Motion, the time entry was excluded and not included in the calculation of
4  attorney time.

5    7.    After the time entries in the Electronic Billing Report that clearly related to the
6  Frivolous Motions (including preparation of the Responses) had been identified and isolated, these
7  entries were summed for each attorney for which fees are claimed—*i.e.,* myself, Danielle Shrader-
8  Frechette, and Daniel Sieradzki.  The total time for each attorney was then multiplied by the
9  applicable billing rate for each attorney as disclosed in my July 31 Declaration—$1,444.50
10 (myself), $1,197.00 (Ms. Shrader-Frechette), and $999.00 (Mr. Sieradzki)—to arrive at the total
11 fees billed by each attorney in connection with the Frivolous Motions, as reflected in the Electronic
12 Billing Report.  The total sum of the amount of fees billed by each attorney as reflected in the
13 Electronic Billing Record is $63,464.40.

14   8.    The methodology described above was used to prepare Exhibit A, which is a
15 summary of the time spent and attorneys' fees incurred in connection with the Frivolous Motions
16 (including preparing the Responses).  Exhibit A shows, on a Motion-by-Motion basis the time
17 billed by each attorney, when the time was billed, the rate billed, and the claimed total attorneys'
18 fees.

19   9.    I believe the methodology described above was a reasonable and robust way to
20 derive an estimate of the attorneys' fees incurred by Defendants in connection with the Frivolous
21 Motions.  In fact, I believe that $63,464.40 likely significantly understates the amount of fees
22 incurred by the Defendants in analyzing and responding to the Frivolous Motions.  This is because
23 the calculation excluded any time entries that could not be clearly attributed to preparing a
24 Frivolous Motion, and any time entries that described multiple tasks, only one of which involved
25 preparing a Frivolous Motion.  The calculation also excluded any amounts billed by non-attorneys,
26 such as paralegals.  Defendants are prepared to submit the full time entries for *in camera* review at
27 the Court's request.
28

10. I have reviewed Mr. Greenspan's August 13, 2025 declaration (ECF 162-1) and believe it paints a highly misleading picture of our July 31, 2025 telephone conversation.

11. At no point during our telephone conversation did I refuse to tell Mr. Greenspan which of his motions would be the subject of the Motion. Mr. Greenspan asked me for ECF numbers, and I told him that I could not recall the numbers "off the top of my head" but would endeavor to identify examples. When Mr. Greenspan asked me for one example, I provided it to him. Mr. Greenspan did not ask for any additional examples.

12. In addition, in response to Mr. Greenspan's mistaken belief that the Motion would be based on Defendants' status as prevailing parties, I clarified that the Motion would be brought under 18 U.S.C. § 1927 and the Court's inherent authority. I believe Mr. Greenspan stated he was unfamiliar with 18 U.S.C. § 1927 and I conveyed my general understanding of the provision.

13. Contrary to Mr. Greenspan's assertion, I did not state or clarify during our telephone call that Mr. Greenspan was not a "vexatious litigant" under California law. Rather, when Mr. Greenspan appeared to be laboring under the mistaken belief that the Motion would seek to declare him a vexatious litigant, I clarified that the Motion would not seek to do so, but rather would seek to impose sanctions for his filing of several frivolous motions that had wasted Defendants' time and money.

14. Toward the end of our telephone call, I asked Mr. Greenspan whether he would consider paying even a portion of Defendants' attorneys' fees. He stated that he would not. Having answered Mr. Greenspan's questions as best I could, including explaining the legal basis for the Motion, at no point did he request a further meet and confer or suggest he was "unclear as to what the motion might involve." ECF 162-1 at 2.

I declare on penalty of perjury under the laws of the State of California that the foregoing is true and correct.

1
2
3
4                                    _____
5                                            Anthony P. Alden
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTESTATION**

Pursuant to Civil L.R. 5-1, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatory herein.

By  /s/ Danielle Shrader-Frechette
Anthony P. Alden (Bar No. 232220)
anthonyalden@quinnemanuel.com
Danielle Shrader-Frechette (Bar No. 300842)
daniellefrechette@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443 3000
Facsimile:    (213) 443 3100

*Attorneys for Defendants Elon Musk, Tesla, Inc., the Elon Musk Revocable Trust dated July 22, 2003, Excession, LLC, Jared Birchall, Singer Cashman LLP, Allison Huebert, Adam S. Cashman, Adam G. Mehes, and Alex Spiro*