QUINN EMANUEL URQUHART & SULLIVAN, LLP
Anthony P. Alden (SBN 232220)
anthonyalden@quinnemanuel.com
Danielle Shrader-Frechette (SBN 300842)
daniellefrechette@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendants Elon Musk, Tesla, Inc., the Elon Musk Revocable Trust dated July 22, 2003, Excession, LLC, Jared Birchall, Singer Cashman LLP, Allison Huebert, Adam S. Cashman, Adam G. Mehes, and Alex Spiro*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ELON MUSK, an individual, TESLA, INC., a Delaware corporation, THE ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003, a trust, X CORP., a Nevada corporation formerly known as TWITTER, INC., EXCESSION, LLC, a Texas Limited Liability Company, JARED BIRCHALL, an individual, MORGAN STANLEY & COMPANY, LLC, a Delaware Limited Liability Company, OMAR QAZI, an individual, SMICK ENTERPRISES, INC., a Delaware corporation, SINGER CASHMAN, LLP, a California partnership, ADAM S. CASHMAN, an individual, ALLISON HUEBERT, an individual, ADAM G. MEHES, an individual, and ALEX SPIRO, an individual, and DOES 1-10, inclusive.<br><br>Defendants. | Case No. 3:24-cv-04647-MMC<br><br>**DEFENDANT TESLA'S RESPONSE RE: PLAINTIFF'S OBJECTION TO BILL OF COSTS**<br><br>State Action Filed: June 12, 2024<br>Removed: July 31, 2024<br><br>**[Removed from Superior Court of California, County of San Francisco, Case No. CGC-24-615352]** |

## I.  INTRODUCTION

On August 21, 2025, Defendant Tesla, Inc. timely filed a bill of costs seeking $405 in filing fees (ECF No. 160) and an accompanying 28 U.S.C. § 1924 verification, pursuant to Civil Local Rule 54-1(a).  ECF No. 160-1.  On August 13, 2025, Plaintiff Aaron Greenspan filed an objection.  ECF No. 162.  Mr. Greenspan's objection is meritless and the $405 awarded.

## II.  DEFENDANT IS ENTITLED TO COSTS

Under Federal Rule of Civil Procure 54 "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—*should be allowed* to the prevailing party."  (emphasis added).  In the Ninth Circuit, "Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party which may only be overcome by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs."  *Russian River Watershed Protection Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1144 (9th Cir. 1998).  To recover filing fees, a party "must show the costs are allowable under section 1920 and by law."  *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2015 WL 5187505, at *4 (N.D. Cal. Sept. 4, 2015).

Defendant's costs are allowable under 28 U.S.C. § 1920(2) and the law.  Defendant submitted a bill of costs seeking reimbursement for one item: the $405.00 filing fee Defendant paid to remove the case to this Court.  *Id.*  Filing fees, including to effect removal, are recoverable under 28 U.S.C. § 1920(2) and Civil Local Rule 54-1(a).  *See Ellis v. Energy Enter. USA, Inc.*, 2018 WL 6816112, at *7 (N.D. Cal. Nov. 20, 2018), *report and recommendation adopted sub nom. Ellis v. Energy Enters. USA, Inc.*,, 2018 WL 6719163 (N.D. Cal. Dec. 21, 2018) (stating "Civil Local Rule 54-3 and 28 U.S.C. § 1920 expressly permit an award of costs for filing fees").

Further, Defendant is the prevailing party.  The Ninth Circuit has held that "a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court."  *See Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009).  The Court dismissed all but one of Mr. Greenspan's federal claims with prejudice (one claim was dismissed without prejudice).  ECF 156.  Mr. Greenspan is judicially precluded from once again bringing these claims.  While the Court remanded Mr. Greenspan's state law claims, this does not shift the presumption in favor of awarding costs because it is not

"necessary for a party to prevail on all of its claims to be found the prevailing party." *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009).

### III.   MR. GREENSPAN DOES NOT REBUT THE PRESUMPTION THAT DEFENDANT IS ENTITLED TO ITS FILING FEES

Mr. Greenspan makes three arguments in his objection. Each is meritless.

*First*, Mr. Greenspan contends that Defendant cannot recover its costs as the prevailing party because the Court remanded his state law claims. ECF No. 163 at 2. However, as noted above, the Court need not have dismissed all claims with prejudice for Defendant to be the prevailing party. *San Diego City Employees' Ret. Sys.*, 568 F.3d at 741 (affirming award of costs even though the court did not exercise supplemental jurisdiction over state claims because, "with no claims remaining against them in the district court, Appellees were clearly the prevailing parties in this federal action").

*Second*, Mr. Greenspan contends, citing no authority, that Defendants are not entitled to costs for removal filing fees because filing for removal was elective, not necessary. ECF No. 163 at 2. Courts, however may and do award costs for removal filings, even if the removal was elective. *See, e.g.*, *Bolano v. Burlington Coat Factory Direct Corp.*, 2009 WL 1834383, at *2 (N.D. Cal. June 23, 2009) (ordering plaintiff *"*to pay $350 to defendant as reimbursement for its removal filing fee" for diversity removal); *Rezaipour v. Cnty. of Los Angeles*, 2015 WL 13762921, at *2 (C.D. Cal. Feb. 3, 2015) (finding plaintiff's "object[ion] to being made to pay the $350 paid by [defendant] to remove the case … because he should not have to pay for something done by [defendant] for 'tactical advantage'" to be "without merit").

*Finally*, Mr. Greenspan argues that, because this request is part of Defendants' supposed "campaign of harassment," the Court should not award any fees. ECF No. 163 at 2. Mr. Greenspan cites no evidence or authority to support this fantastical claim. Mr. Greenspan seems to forget that *he filed this suit against Defendant*—his seventh complaint against Defendants Tesla and Elon Musk since 2020. The only harassment that has occurred and is continuing to occur is by Mr. Greenspan.

## IV. CONCLUSION

Defendant Tesla has met all the requirements for obtaining an award of costs. The Court should approve its bill of costs and order Mr. Greenspan to pay Defendant's filing fees.

Respectfully,

DATED: August 29, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *[signature: Danielle SF]*

Anthony P. Alden (Bar No. 232220)
anthonyalden@quinnemanuel.com
Danielle Shrader-Frechette (Bar No. 300842)
daniellefrechette@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443 3000
Facsimile: (213) 443 3100

*Attorneys for Defendants Elon Musk, Tesla, Inc., the Elon Musk Revocable Trust dated July 22, 2003, Excession, LLC, Jared Birchall, Singer Cashman LLP, Allison Huebert, Adam S. Cashman, Adam G. Mehes, and Alex Spiro*