Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>  Plaintiff,<br><br>  v.<br><br>ELON MUSK, TESLA, INC., X CORP., THE ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003, EXCESSION, LLC, JARED BIRCHALL, MORGAN STANLEY & COMPANY, LLC, OMAR QAZI, SMICK ENTERPRISES, INC., SINGER CASHMAN, LLP, ADAM S. CASHMAN, ALLISON HUEBERT, ADAM G. MEHES, and ALEX SPIRO,<br><br>  Defendants. | Case No. 3:24-cv-04647-MMC<br><br>**PLAINTIFF'S MOTION TO STRIKE ECF NO. 167, DEFENDANT TESLA, INC.'S RESPONSE RE: PLAINTIFF'S OBJECTION TO BILL OF COSTS**<br><br>Time:       9:00 A.M.<br>Date:       October 10, 2025<br>Courtroom:  7<br><br>Judge: Hon. Maxine M. Chesney<br>State Action Filed: June 12, 2024<br>Removed: July 31, 2024<br>FAC Filed: August 28, 2024<br>Remanded: July 17, 2025 |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................................ 1
MEMORANDUM OF LAW ................................................................................................................. 1
I.     INTRODUCTION ................................................................................................................. 1
II.    STATEMENT OF RELIEF SOUGHT ................................................................................. 2
III.   STATEMENT OF ISSUES ................................................................................................... 2
IV.   FACTUAL BACKGROUND ................................................................................................ 2
V.    ARGUMENT ......................................................................................................................... 2
     A.    Legal Standard .......................................................................................................... 2
     B.    ECF No. 167 Qualifies As "Scandalous" Under Rule 12(f) ................................. 3
          1.    Quinn Emanuel Crossed The Line From Zealous Advocacy To Outright Lies In ECF No. 167 ................................................................................ 3
          2.    Quinn Emanuel Used A False Citation To Justify ECF No. 167 ................ 4
          3.    Quinn Emanuel Filed ECF No. 167 Without Authorization Under This Court's Civil Local Rules ........................................................................... 5
          4.    Quinn Emanuel Filed ECF No. 167 Late By Any Standard ....................... 5
          5.    Quinn Emanuel Refused To Acknowledge Any Of The Above Issues When Given The Chance To Rectify Or Withdraw Its Filing .................... 5
          6.    Quinn Emanuel Filed ECF Nos. 160, 161, 164, and 167 Solely To Harass Plaintiff, Having *Already* Performed More Than $405.00 of Billable Work To Purportedly Win Back $405.00 ............................................................ 6
     C.    ECF No. 167 Qualifies As "Immaterial" and "Impertinent" Under Rule 12(f) ...... 7
          1.    The Federal Claims Defendant That Tesla Alleges It "Prevailed" On Were Not Part of The Initial Complaint and Never Removed To This Court ...... 7
          2.    Other Courts' Civil Local Rules Are Not Binding In The Northern District of California and *Vice-Versa* ................................................................... 7
          3.    Unauthorized Filings Cannot Be Considered By The Court Regardless of What They Say ........................................................................................... 8
VI.   CONCLUSION ..................................................................................................................... 8

**TABLE OF AUTHORITIES**

**Cases**

*American Federation Of Government Employees, AFL-CIO et al v. United States Office of Personnel Management et al*,
   Case No. 3:25-cv-01780-WHA, ECF No. 120 (N.D. Cal. March 13, 2025) ............................ 8

*Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*,
  718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) .................................................................. 3

*Bolano v. Burlington Coat Factory Direct Corp.*,
  2009 WL 1834383, at *2 (N.D. Cal. June 23, 2009) ...................................................... 8

*Caputo v. Tungsten Heavy Powder, Inc.*,
  96 F. 4th 1111, 1159 (9th Cir. 2024) ............................................................................... 9

*Devi v. Stanford Health Care*,
  Case No. 4:24-cv-03897-KAW (N.D. Cal. June 6, 2025) .............................................. 3

*Does 1-26 v. Musk, et al*,
  Case No. 8:25-cv-00462-TDC at 68 (D. Maryland March 18, 2025) ........................... 8

*Ellis v. Energy Enter. USA, Inc.*,
  2018 WL 6816112, at *7 (N.D. Cal. Nov. 20, 2018) ...................................................... 5

*Ellis v. Energy Enters. USA, Inc.*,
  2018 WL 6719163 (N.D. Cal. Dec. 21, 2018) ................................................................ 5

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524, 1527 (9th Cir. 1993) ............................................................................... 3

*In re Girardi*,
  611 F.3d 1027, 1035 (9th Cir. 2010) ............................................................................... 9

*In re Snyder*,
  472 U.S. 634, 645 n.6, 105 S.Ct. 2874 (1985) ............................................................... 9

*Rezaipour v. Cnty. of Los Angeles*,
  2015 WL 13762921, at *2 (C.D. Cal. Feb. 3, 2015) ....................................................... 7

*United States v. Swanson*,
  943 F.2d 1070, 1076 (9th Cir. 1991) ............................................................................... 9

*X Corp. v. Center for Countering Digital Hate, Inc.*,
  Case No. 3:23-cv-03836-CRB (N.D. Cal. March 25, 2024) .......................................... 8

**Statutes**

28 U.S.C. § 1920(2) ............................................................................................................. 4, 5

**Rules**

California Rule of Professional Conduct 3.3(a)(1) ..................................................... 1, 3, 6

Civil Local Rule 7-3(c) ............................................................................................................ 5

Civil Local Rule 54-1(a) ............................................................................................. 1, 2, 4, 7

Civil Local Rule 54-2 ..................................................................................................... 1, 2, 5

Federal Rule of Appellate Procedure 46 .............................................................................. 9

Federal Rule of Civil Procedure 12(f) ....................................................................... 1, 2, 3, 8

Federal Rule of Civil Procedure 12(f)(2) ............................................................................... 3

**NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT TESLA, INC.'S RESPONSE RE: PLAINTIFF'S OBJECTION TO BILL OF COSTS**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT**, on October 10, 2025, at 9:00 A.M., or as soon thereafter as the matter may be heard in the United States District Court for the Northern District of California in the San Francisco Courthouse, Courtroom 7, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, or via Zoom, Plaintiff Aaron Greenspan will, and hereby does, move this Court, pursuant to Federal Rules of Civil Procedure 12(f), Civil Local Rule 54-1(a), Civil Local Rule 54-2, California Rule of Professional Conduct 3.3(a)(1), and the Court's inherent authority to control its docket, for an order striking ECF No. 167.  This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law, the other documents on file in this action, and upon such other and further evidence or argument that the Court may consider.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE DEFENDANT TESLA, INC.'S RESPONSE RE: PLAINTIFF'S OBJECTION TO BILL OF COSTS**

**I.   INTRODUCTION**

The richest person on Earth, Defendant Elon Musk, would like to be able to one day claim that Plaintiff Aaron Greenspan—a data journalist who lost money shorting Tesla, Inc. ("Tesla") securities due to "a Matryoshka doll of *multiple*, nested, interdependent frauds" that Musk directed and promoted personally—had to pay him money.  First Amended Complaint ¶ 3. Unfortunately, Defendant Musk was evading service of process when this state civil action was improperly removed to federal court on July 31, 2024, so instead of asking for the $405.00 in removal fees himself, Defendant Musk's attorneys, who also represent Defendant Tesla (of which Musk is CEO and "Technoking") decided to have Tesla do the asking.  At night.  On a Friday.  Before a long weekend, when no one would be paying attention.

To say that there are some problems with this seemingly modest request, which is just the tip of an iceberg of obscene attorney misconduct, would be a gross understatement.

II.   **STATEMENT OF RELIEF SOUGHT**

ECF No. 167 should be struck from the record.

III.  **STATEMENT OF ISSUES**

The issue presented by this motion is whether ECF No. 167 should be struck from the record for violations of Federal Rule of Civil Procedure 12(f), as well as violations of Civil Local Rules 54-1(a) and/or 54-2, or under the Court's inherent authority to control the docket.

IV.   **FACTUAL BACKGROUND**

This action was filed in the Superior Court of California for San Francisco County on June 12, 2024 and removed to this Court on July 31, 2024 by Defendants Tesla, Inc., Excession, LLC, and Allison Huebert on the purported basis that Plaintiff's state claims invoked federal issues. ECF No. 1. This Court ruled that Plaintiff's state claims did not, in fact, invoke federal issues on July 17, 2025 and remanded Plaintiff's state claims back to state court. ECF Nos. 156-157. Defendant Tesla, Inc. filed a Bill of Costs on July 31, 2025. ECF No. 160. Certain defendants represented by Quinn, Emanuel, Urquhart & Sullivan, LLP ("Quinn Emanuel" and "Musk Defendants", respectively) filed a motion for sanctions against Plaintiff on the same day as part of a campaign of harassment under color of law. ECF No. 161. Plaintiff timely objected to the Bill of Costs on August 13, 2025. ECF No. 163. Plaintiff also opposed the sanctions motion. ECF No. 162. Sixteen days later after the close of business hours on the Friday night before Labor Day weekend, Defendant Tesla, Inc. filed a document styled as a "Response" to Plaintiff's timely objections regarding the Bill of Costs, citing no Civil Local Rule authorizing the filing and making numerous false claims. ECF No. 167.

V.    **ARGUMENT**

A.   **Legal Standard**

Federal Rule of Civil Procedure 12(f) states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Federal Rule of Civil Procedure 12(f). When a response is not permitted to the "matter" in question, a

party may file a motion requesting that the Court strike the matter "within 21 days after being served with the pleading." Federal Rule of Civil Procedure 12(f)(2).

"'A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded,' and '[a] matter is impertinent if it does not pertain and is not necessary to the issues in question in the case.' *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citing *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993))." *Devi v. Stanford Health Care*, Case No. 4:24-cv-03897-KAW (N.D. Cal. June 6, 2025).

### B.   ECF No. 167 Qualifies As "Scandalous" Under Rule 12(f)

The use of false statements in conjunction with multiple rule violations in order to force a party to disgorge funds that are not actually owed constitutes a "scandalous" filing impugning the dignity of the targeted party and the Court under Federal Rule of Civil Procedure 12(f).

#### 1.   Quinn Emanuel Crossed The Line From Zealous Advocacy To Outright Lies In ECF No. 167

As of August 29, 2025 when ECF No. 167 was filed, this Court had not ruled on Defendant Tesla's request to have its $405.00 filing fee for removal reimbursed. Yet in ECF No. 167, Quinn Emanuel stated that it somehow had, writing, "Mr. Greenspan's objection is meritless ***and the $405 awarded***" (emphasis added). In reality, no funds were yet "awarded." Defendant Tesla's statement, signed by Quinn Emanuel's Anthony P. Alden and Danielle Shrader-Frechette, is a "false statement of fact or law to a tribunal" pursuant to California Rule of Professional Conduct 3.3(a)(1).

ECF No. 167 contains additional false statements. It is not necessarily true that "Defendant is the prevailing party" in the context of the Notice of Removal and the associated costs at issue, both because this statement would only apply to the dismissed federal claims which were not removed to federal court, and because Plaintiff may *not* be precluded from re-filing his RICO claims if and when Defendant Musk is convicted for securities fraud. It remains an open question as to whether Defendant Musk will be indicted and convicted.

Nor is it true that "Mr. Greenspan makes three arguments in his objection." ECF No. 167 at 3. As Plaintiff summarized to opposing counsel by e-mail on August 29, 2025,

> "I do not make 'three arguments' in my objection. I make at least four. They are, to summarize:
>
> 1. Your client did not prevail on the state claims, which were the claims removed to federal court;
>
> 2. Your client elected to remove the case on a purely voluntarily, unnecessary, and as it turns out, improper basis (what you acknowledge as 'elective'), which makes your client ineligible for costs under the Civil Local Rules of this Court, i.e. the 'law';
>
> 3. The costs you seek have nothing to do with the federal claims that were dismissed, which did not exist at the time of removal;
>
> 4. You are being paid to harass me."

Finally, unless Quinn Emanuel believes that this Court's Civil Local Rules are not binding with the force of law, it is not true that "Defendant's costs are allowable under 28 U.S.C. § 1920(2) *and the law*" (emphasis added). In fact, Tesla's costs are *not* allowed by Civil Local Rule 54-1(a), an argument made by Plaintiff in his objections that ECF No. 167 does not ever directly contest. Thus, Quinn Emanuel knew that this statement was false when ECF No. 167 was filed but hoped that their vague wording would confuse and convince the Court anyway.

### 2.   Quinn Emanuel Used A False Citation To Justify ECF No. 167

When Quinn Emanuel wrote "Defendant's costs are allowable under 28 U.S.C. § 1920(2) and the law" in ECF No. 167, not only were Attorneys Alden and Shrader-Frechette making a false statement—they were also using a false citation. 28 U.S.C. § 1920(2) states, "A judge or clerk of any court of the United States may tax as costs the following: (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case." There are no "printed or electronically recorded transcripts" in this case at all because this case has never once involved a hearing of any kind since it was initially filed on May 20, 2020. Therefore 28 U.S.C. § 1920(2) could not possibly apply, let alone in any way render Defendant Tesla's costs "allowable." Nor do *Ellis v. Energy Enter. USA, Inc.*, 2018 WL 6816112, at *7 (N.D. Cal. Nov.

20, 2018) or *Ellis v. Energy Enters. USA, Inc.*, 2018 WL 6719163 (N.D. Cal. Dec. 21, 2018), the opinions cited by opposing counsel as support, discuss 28 U.S.C. § 1920(2) at all. Rather, these cases concern a situation involving a default judgment, which is also not at issue here.

### 3. Quinn Emanuel Filed ECF No. 167 Without Authorization Under This Court's Civil Local Rules

While objections to Bills of Costs are authorized pursuant to Civil Local Rule 54-2 ("Within 14 days after service by any party of its bill of costs, the party against whom costs are claimed must serve and file any specific objections to any item of cost claimed in the bill, succinctly setting forth the grounds of each objection."), that Civil Local Rule says nothing about responses to objections. Nor does any other Civil Local Rule authorize responses to objections made under Civil Local Rule 54-2. ECF No. 167 does not even purport to be authorized by any Civil Local Rule. This is especially surprising in light of the pending ***motion for sanctions*** signed by the same Quinn Emanuel attorneys who demand sanctions against Plaintiff because Plaintiff purportedly filed "unnecessarily *[sic]* and frivolous motions." ECF No. 161 at 2.

### 4. Quinn Emanuel Filed ECF No. 167 Late By Any Standard

ECF No. 167 was filed on August 29, 2025, sixteen (16) days after Plaintiff's objections were filed on August 13, 2025. Objections to Bills of Costs must be filed with fourteen (14) days. Civil Local Rule 54-2(a). There is no Federal Rule of Civil Procedure or Civil Local Rule that authorizes a response to objections sixteen days later. Were ECF No. 167 a "reply" filed under Civil Local Rule 7-3(c)—which it is not—it would have been due even sooner. "The reply to an opposition must be filed and served not more than 7 days after the opposition was due." Civil Local Rule 7-3(c). Therefore, regardless of its contents, the filing was untimely.

### 5. Quinn Emanuel Refused To Acknowledge Any Of The Above Issues When Given The Chance To Rectify Or Withdraw Its Filing

Plaintiff e-mailed opposing counsel hours after ECF No. 167 was filed on August 29, 2025 pointing out the majority of the scandalous flaws described herein and providing them with the opportunity to explain their basis for filing by 5:00 P.M. on September 1, 2025. Although

September 1, 2025 is a federal holiday, again, Defendant Tesla and its counsel chose to file this particular document on Friday night before Labor Day weekend. Opposing counsel did not respond, nor did they withdraw their unauthorized, untimely, and scandalous filing, even with Plaintiff delaying over 24 hours before filing this motion for their benefit.

An attorney who "fail[s] to correct a false statement of material fact or law previously made to the tribunal by the lawyer" also violates California Rule of Professional Conduct 3.3(a)(1).

### 6. Quinn Emanuel Filed ECF Nos. 160, 161, 164, and 167 Solely To Harass Plaintiff, Having *Already* Performed More Than $405.00 of Billable Work To Purportedly Win Back $405.00

As described in ECF No. 161-1, "Ms. Shrader-Frechette has billed at an effective hourly rate of $1,197.00." ECF No. 161-1 at 1. Attorney Alden "bill[s] at an effective hourly rate of $1,444.50." *Id*. at 2. To obtain $405.00 purportedly for the benefit of Tesla, a publicly-traded corporation valued at over $1 trillion, Attorneys Shrader-Frechette and Alden (1) filed ECF No. 160; (2) reviewed Plaintiff's objections at ECF No. 163; and then (3) drafted and filed their "Response" at ECF No. 167 sixteen days later. In addition, they filed a parallel motion for sanctions at ECF No. 161 which suffers from myriad flaws of its own. Although they have not informed the Court of the total value of their time spent on tasks related to the Bill of Costs specifically, a quick look at the summary chart of legal bills at ECF No. 164-2, in which Quinn Emanuel billed $1,675.80 to write five-and-a-half lines of text in ECF No. 148 (about $304.69 per line of text), suggests that they expended several thousand dollars, and potentially over ten times the value of the costs they supposedly seek, to handle the $405.00 filing fee they elected to pay as part of their scorched-earth legal strategy.

Defendant Tesla's willingness to *lose* money on the recovery of its removal costs illustrates plainly that Musk Defendants' goal here has always been harassment and nothing more. It would have been more economically beneficial not to pursue costs at all, especially given that the parallel motion for sanctions would have been unaffected by such a decision. Yet it is far more important to Musk Defendants to waste Plaintiff's, and the Court's, time. Notably,

if Defendant Tesla opposes this motion, it will waste *even more* money on legal fees, thus proving Plaintiff's point that Tesla's primary goal here is not to actually win back $405.00.

### C. ECF No. 167 Qualifies As "Immaterial" and "Impertinent" Under Rule 12(f)

ECF No. 167 is also immaterial and impertinent to the issue of whether Plaintiff should pay Defendant Tesla's $405.00 worth of costs for several reasons.

#### 1. The Federal Claims Defendant That Tesla Alleges It "Prevailed" On Were Not Part of The Initial Complaint and Never Removed To This Court

Defendant Tesla was one of three defendants who paid $405.00 to remove Plaintiff's state claims to federal court. Now, Defendant Tesla claims to be the "prevailing party" because federal claims instantiated *after* removal were dismissed. Yet the Bill of Costs does not concern what happened after removal; those events are immaterial. The question of whether or not Tesla is considered the "prevailing party" on the federal claims is therefore moot and has no bearing on the assignment of costs.

#### 2. Other Courts' Civil Local Rules Are Not Binding In The Northern District of California and *Vice-Versa*

Defendant Tesla cites *Rezaipour v. Cnty. of Los Angeles*, 2015 WL 13762921, at *2 (C.D. Cal. Feb. 3, 2015) for the proposition that an argument about "tactical advantage" was "without merit." Plaintiff has never made any such argument, but even if he had, the Northern District of California is distinct from the Central District of California, and in this District, pursuant to Civil Local Rule 54-1(a), a party must show that costs "were necessarily incurred" in an affidavit. Although Attorney Alden claimed in ECF No. 160-1, "The costs therein are correctly stated, were necessarily incurred, and are allowable by law" under penalty of perjury on page 2, all this means is that Attorney Alden again[1] committed the crime of perjury by copying and pasting verbiage from Civil Local Rule 54-1(a) into his declaration *without any regard for the actual facts*. In ECF No. 167, he and Attorney Shrader-Frechette argue that even though their removal

---

[1] Attorney Anthony P. Alden has filed at least three declarations under penalty of perjury in this action containing a willfully false statement. *See also* ECF Nos. 1-1 and 161-1.

| PLAINTIFF'S MOTION TO STRIKE ECF NO. 167, DEFENDANT TESLA, INC.'S RESPONSE RE: PLAINTIFF'S OBJECTION TO BILL OF COSTS | 7 | 3:24-cv-04647-MMC |

was indeed "elective," "Courts, however may and do award costs for removal filings, even if the removal was elective." This argument directly contradicts Alden's earlier declaration under oath, upon which Tesla's request concerning the Bill of Costs hinges. Furthermore, those other "Courts" are not bound by the Civil Local Rules of the Northern District of California.[2]

### 3. Unauthorized Filings Cannot Be Considered By The Court Regardless of What They Say

Given that ECF No. 167 is not authorized under the Civil Local Rules, it is also immaterial to the proceedings under Federal Rule of Civil Procedure 12(f) in that no matter what Defendant Tesla argues in an unauthorized filing, the Court cannot consider it.

## VI. CONCLUSION

As noted in Plaintiff's declaration at ECF No. 162-1, "This Court has ruled in the past that at least one of Elon Musk's enterprises, which is itself party to this litigation, uses litigation for harassment purposes. *See X Corp. v. Center for Countering Digital Hate, Inc.*, Case No. 3:23-cv-03836-CRB (N.D. Cal. March 25, 2024) (stating 'This case is about punishing the Defendants for their speech.')." Defendant Musk is at this point well known for funding and coordinating unconstitutional efforts and "sham" strategies designed to deceive the public and courts especially. "It was a sham in order to try to avoid statutory requirements…" *American Federation Of Government Employees, AFL-CIO et al v. United States Office of Personnel Management et al*, Case No. 3:25-cv-01780-WHA, ECF No. 120 (N.D. Cal. March 13, 2025). *See also Does 1-26 v. Musk, et al*, Case No. 8:25-cv-00462-TDC at 68 (D. Maryland March 18, 2025) (ruling Musk-backed effort to shut down USAID likely unconstitutional).

As with the Center for Countering Digital Hate and Media Matters, another victim of Elon Musk's ire with litigation pending before this Court, Defendant Musk does not appreciate

---

[2] Defendant Tesla's citation to *Bolano v. Burlington Coat Factory Direct Corp.*, 2009 WL 1834383, at *2 (N.D. Cal. June 23, 2009), an opinion from this District, does not rescue its efforts. *Bolano* concerned a plaintiff who "sued the wrong Burlington entity" and had to re-file the removed action a second time in state court as a result. Plaintiff here did not sue the wrong entity and has not re-filed the state action a second time, nor does he plan to.

Plaintiff's data journalism work with PlainSite, and especially when it affects his plans to defraud consumers and investors. That much is clear. However, neither Musk's unending personal animus nor his hundreds of billions of dollars in unlawfully-obtained wealth entitle him to file unauthorized, untimely documents containing false statements before this Court in an effort to harass his critics into paying him.

ECF No. 167 must not be viewed in a vacuum. It is part of Musk's larger campaign of retaliation that is the subject of this very lawsuit, which already carried over into the Superior Court of California for Alameda County, and which is now part of a cluster of similarly malicious sham litigation involving multiple parties, wasting ever more of this Court's resources. ECF No. 167 should be struck and its signatories should be sanctioned under the Court's authority to control its own docket and the California Rules of Professional Conduct, if not disbarred.[3]

Dated: September 2, 2025            Respectfully submitted,

*Aaron Greenspan* (signature)
Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

---

[3] "Consistent with Supreme Court direction, the Ninth Circuit has found that attorneys demonstrate 'conduct unbecoming of the court's bar' when they violate applicable rules of professional conduct, including both the ABA model rules and the rules of professional conduct 'adopted by the licensing authority of an attorney's home state.' *Snyder*, 472 U.S. at 645 n.6, 105 S.Ct. 2874; see *Girardi*, 611 F.3d at 1035. Further, it is appropriate for a circuit court imposing discipline under Fed. R. App. P. 46 to consider the ABA's Standards for Imposing Lawyer Sanctions. See *Girardi*, 611 F.3d at 1035-36; *United States v. Swanson*, 943 F.2d 1070, 1076 (9th Cir. 1991); ABA Joint Comm. on Prof'l Standards, Standards for Imposing Lawyer Sanctions (1984, rev. 1992) ('ABA Standards')." *Caputo v. Tungsten Heavy Powder, Inc.*, 96 F. 4th 1111, 1159 (9th Cir. 2024).