QUINN EMANUEL URQUHART & SULLIVAN, LLP
Anthony P. Alden (SBN 232220)
anthonyalden@quinnemanuel.com
Danielle Shrader-Frechette (SBN 300842)
daniellefrechette@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendants Elon Musk, Tesla, Inc., the Elon Musk Revocable Trust dated July 22, 2003, Excession, LLC, Jared Birchall, Singer Cashman LLP, Allison Huebert, Adam S. Cashman, Adam G. Mehes, and Alex Spiro*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ELON MUSK, an individual, TESLA, INC., a Delaware corporation, THE ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003, a trust, X CORP., a Nevada corporation formerly known as TWITTER, INC., EXCESSION, LLC, a Texas Limited Liability Company, JARED BIRCHALL, an individual, MORGAN STANLEY & COMPANY, LLC, a Delaware Limited Liability Company, OMAR QAZI, an individual, SMICK ENTERPRISES, INC., a Delaware corporation, SINGER CASHMAN, LLP, a California partnership, ADAM S. CASHMAN, an individual, ALLISON HUEBERT, an individual, ADAM G. MEHES, an individual, and ALEX SPIRO, an individual, and DOES 1-10, inclusive.<br><br>Defendants. | Case No. 3:24-cv-04647-MMC<br><br>**DEFENDANT TESLA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ECF NO. 167, DEFENDANT TESLA, INC.'S RESPONSE RE: PLAINTIFF'S OBJECTION TO BILL OF COSTS**<br><br>Time: 9:00 A.M.<br>Date: October 10, 2025<br>Courtroom: 7<br>Judge: Hon. Maxine M. Chesney<br>State Action Filed: June 12, 2024<br>Removed: July 31, 2024<br><br>**[Removed from Superior Court of California, County of San Francisco, Case No. CGC-24-615352]** |

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Plaintiff Aaron Greenspan's Motion to Strike (ECF No. 168) should be denied as both procedurally defective and substantively baseless. It also exemplifies the same vexatious conduct that prompted Defendants' pending Motion for Sanctions (ECF No. 161)—needlessly consuming the Court's and the parties' resources over a routine $405 bill of costs.

**I.   The Motion Fails Because It Is Procedurally Improper**

The Motion fails at the outset because it relies on Federal Rule of Civil Procedure 12(f), which does not apply here. *See* ECF No. 168 at 2-3. Rule 12(f) authorizes courts to strike material from "pleadings"—a term defined in Rule 7(a) to include only complaints, answers, counterclaims, crossclaims, third-party complaints, and court-ordered replies to an answer. Tesla's response to Plaintiff's cost objections is not a pleading within the meaning of Rule 7(a), and courts have consistently ruled that Rule 12(f) may not be used to strike other filings. *See Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike."); *Floyd v. Santa Clara Dep't of Correction*, 2023 WL 4686432, at *4 n.3 (N.D. Cal. July 21, 2023) (similar).

Mr. Greenspan cites no authority to the contrary. In fact, the very cases on which he relies involve Rule 12(f) motions directed at pleadings expressly covered by Rule 7. *See* ECF No. 168 at 3. For example, *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) addressed a motion to strike affirmative defenses—an element of an answer, which is a pleading under Rule 7. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993) likewise dealt with a motion to strike part of a counterclaim, again a pleading under Rule 7. And *Devi v. Stanford Health Care*, 2025 WL 1616536 (N.D. Cal. June 6, 2025) concerned a motion to strike portions of a complaint—yet another Rule 7 pleading.

**II.   The Motion Fails on the Merits**

Even if the Motion were not procedurally improper under Rule 12(f), it would still fail under the standard governing the Court's inherent authority to strike. While courts have "the inherent power to control their dockets," *Van v. Black Angus Steakhouses, LLC*, 2018 WL 2763330, at *2 (N.D. Cal. June 8, 2018), Mr. Greenspan cites no authority for striking a filing

-1-   Case No. 3:24-cv-04647-MMC

simply for harmless typographical errors.  None of Mr. Greenspan's arguments justify the Court striking Telsa's filing.

### A. Tesla's Response Was Proper and Timely

Mr. Greenspan contends that Tesla's response to his cost objections was both "unauthorized" and "untimely."  ECF No. 168 at 5-6, 8-9.  He is incorrect.  While the Civil Local Rules do not expressly authorize responses to cost objections, they also do not prohibit them—and courts routinely permit such responses to aid in resolving disputes efficiently.  *See, e.g.*, *Andrade v. Am. First Fin., Inc.*, 2023 WL 7346427, at *1 (N.D. Cal. Nov. 6, 2023) (awarding costs "[u]pon consideration of … [party's] response" to objection to bill of costs).  As to timing, Mr. Greenspan effectively concedes that no rule sets a deadline because both the Federal and Local Rules are silent on the issue.

### B. Minor Clerical Errors Are Not Grounds for Striking the Response, Let Alone Sanctions

Mr. Greenspan once again attempts to characterize minor typographical errors as fraud.  For example, he faults Tesla for referring to costs as "awarded," instead of "should be awarded."  ECF No. 168 at 3.  But this is an obvious scrivener's error.  Why would Tesla be filing a reply in support of its bill of costs if such costs had already been awarded?  Similarly, the mistaken citation to 28 U.S.C. § 1920(2) (transcripts), instead of to Section 1920(1) (filing fees), is a minor clerical mistake.  *See id.* at 4-5.  The context unambiguously shows Tesla sought reimbursement for filing fees, not transcript costs.  These are inconsequential errors—not "scandalous" allegations.

### C. The Motion Improperly Seeks to Relitigate Decided Issues

Rule 12(f) is not a vehicle for relitigating substantive disputes—it is limited to striking improper material from pleadings.  Yet, Mr. Greenspan uses it to challenge Tesla's status as the prevailing party under Rule 54(d), an issue already fully briefed.  Final judgment was entered in Tesla's favor on all federal claims.  ECF Nos. 156-57.  The remand of state-law claims does not alter Tesla's prevailing-party status.

### D. Mr. Greenspan's Remaining Arguments Are Irrelevant and Misleading

Mr. Greenspan's remaining arguments are equally unpersuasive.

1       *First*, he objects that Tesla summarized his objections as three points, rather than four.
2  ECF No. 168 at 4. This is immaterial.
3       *Second,* he uses the Motion as a platform for a sur-reply, disputing the merits of cases cited
4  in Tesla's Response. *Id.* at 4-5, 7. But Rule 12(f) does not permit sur-replies masquerading as
5  motions to strike.
6       *Third*, Mr. Greenspan contends that Tesla filed the bill of costs solely to harass him,
7  forgetting that *he* is the one who filed this suit and that losing has consequences.
8       *Fourth*, without citation to authority, Mr. Greenspan contends that because Tesla's
9  removal was "elective," the associated costs cannot be "necessarily incurred" under Civil Local
10 Rule 54-1(a), and counsel thus "committed the crime of perjury" by seeking the costs as
11 necessarily incurred. ECF No. 168 at 7-8. But this reckless accusation ignores that, as Tesla
12 already explained (ECF No. 167 at 2), courts routinely award removal costs even when removal is
13 discretionary. This demonstrates that "necessarily incurred" refers to costs necessary to effectuate
14 a chosen and legally proper course of action. Once Tesla exercised its statutory right to remove,
15 the filing fee became a necessary expense to implement that lawful choice—there is no
16 contradiction between "elective" removal and "necessarily incurred" costs, much less any basis for
17 Mr. Greenspan's irresponsible allegations of criminal conduct.
18      *Finally*, Mr. Greenspan argues that counsel should have withdrawn Tesla's response upon
19 his demand (ECF No. 168 at 5-6)—despite there being no legal or ethical obligation to do so
20 where the filing is proper.

21 **III.    The Motion Exemplifies Mr. Greenspan's Pattern of Vexatious Litigation**

22      This filing is not an isolated incident. As detailed in Defendants' Motion for Sanctions
23 (ECF No. 161), Mr. Greenspan has repeatedly engaged in abusive litigation tactics. For example,
24 he sought to enjoin Mr. Musk's political speech, claiming he would be irreparably harmed "if Mr.
25 Trump were unlawfully re-elected" (ECF No. 164 at 1); filed an "Administrative Motion To
26 Permanently Terminate Defendants' Legal Representation Due To Treasonous Conspiracy" (*id.*);
27 and repeatedly attempted to relitigate the discovery stay, despite the Court's denial of
28

1  reconsideration—efforts the Court described as "in essence, a second motion for reconsideration."
2  *Id.* at 2.
3      Now, Mr. Greenspan wastes the Court's resources with a motion to strike over a $405 bill
4  of costs—citing harmless typographical errors and even suggesting that opposing counsel be
5  sanctioned or disbarred for them. ECF No. 168 at 9 n.3. This is the same pattern of conduct
6  Defendants identified as "vexatious, wantonly, or for oppressive reasons." ECF No. 164 at 3. Mr.
7  Greenspan needs to learn that repeatedly and wantonly wasting the Court's and the parties' time
8  and resources has consequences.

## CONCLUSION

The Motion should be denied because: (1) Rule 12(f) does not apply to non-pleadings; (2) Tesla's response was entirely proper; and (3) the Motion itself is a textbook example of vexatious litigation.

DATED: September 16, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____
Anthony P. Alden (Bar No. 232220)
anthonyalden@quinnemanuel.com
Danielle Shrader-Frechette (Bar No. 300842)
daniellefrechette@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443 3000
Facsimile:   (213) 443 3100

*Attorneys for Defendants Elon Musk, Tesla, Inc., the Elon Musk Revocable Trust dated July 22, 2003, Excession, LLC, Jared Birchall, Singer Cashman LLP, Allison Huebert, Adam S. Cashman, Adam G. Mehes, and Alex Spiro*