Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA 94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>ELON MUSK, TESLA, INC., X CORP., THE ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003, EXCESSION, LLC, JARED BIRCHALL, MORGAN STANLEY & COMPANY, LLC, OMAR QAZI, SMICK ENTERPRISES, INC., SINGER CASHMAN, LLP, ADAM S. CASHMAN, ALLISON HUEBERT, ADAM G. MEHES, and ALEX SPIRO,<br><br>    Defendants. | Case No. 3:24-cv-04647-MMC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE ECF NO. 167, DEFENDANT TESLA, INC.'S RESPONSE RE: PLAINTIFF'S OBJECTION TO BILL OF COSTS**<br><br>Time:          9:00 A.M.<br>Date:          October 10, 2025<br>Courtroom:  7<br><br>Judge: Hon. Maxine M. Chesney<br>State Action Filed: June 12, 2024<br>Removed: July 31, 2024<br>FAC Filed: August 28, 2024<br>Remanded: July 17, 2025 |

## I. INTRODUCTION

Quinn, Emanuel, Urquhart & Sullivan, LLP Attorneys Anthony P. Alden and Danielle Shrader-Frechette, representing a list of entities affiliated with multi-centi-billionaire Elon Musk ("Moving Defendants")—most of which have been voluntarily dismissed from this action (now pending in state court) since this motion was filed—make some remarkable admissions in their opposition brief. Despite charging $1,444.50 and $1,197.00 per hour, respectively, for their services (*see* ECF No. 161-1), their work is apparently full of "errors." And while they acknowledge these "errors" now that Plaintiff has pointed them out to the Court, Attorneys Alden and Shrader-Frechette refused to acknowledge or correct them previously.

## II. ARGUMENT

### A. Tesla, Inc. Did Not Prevail On The Improperly-Removed State Claims

Defendant Tesla, Inc. did not prevail on the improperly-removed state law claims that are at issue here, nor can it claim to have. Moving Defendants instead write, "Final judgment was entered in Tesla's favor on all federal claims." Opposition at 2:24-25. Again, these federal claims have no connection whatsoever to Tesla's elective decision to spend $405.00 in costs because ***these claims did not exist at the time of removal***. Opposing counsel's absolute insistence on creating a false linkage is dishonest, unethical, and sanctionable.

### B. The Instant Motion Did Not Only Rely Upon Federal Rule of Civil Procedure 12(f) As Its Legal Basis, Rendering Moving Defendants' Conclusory Statements Objectively False

Moving Defendants state that "The Motion fails at the outset because it relies on Federal Rule of Civil Procedure 12(f)." This is the kind of maybe-if-I-say-so-it-will-magically-come-true conclusory language that lawyers love to use, but the problem here is that it is objectively false. The motion neither "fails" nor "fails…because it relies on [Rule] 12(f)." Opposition at 1:7. That is because the motion *also* very clearly relies upon, "Civil Local Rule 54-1(a), Civil Local Rule 54-2, California Rule of Professional Conduct 3.3(a)(1), and the Court's inherent authority to control its docket." ECF No. 168 at 1:7-10. Moving Defendants have little if

anything to say about those Rules and authorities beyond a single, unsupported attempt at a straw-man argument ("Mr. Greenspan cites no authority for striking a filing simply for harmless typographical errors.").[1]  In fact, Plaintiff's motion outlines the same general type of clear rule violation that justified the striking of a filing in Moving Defendants' own citation, *Van v. Black Angus Steakhouses, LLC*, 2018 WL 2763330, at *2 (N.D. Cal. June 8, 2018).  Even if the Court were inclined to agree that Rule 12(f) is technically inapplicable in this particular situation, the motion could very well succeed for the other cited reasons.

>  C.   **Moving Defendants and Their Counsel Inadvertently Affirm Their Unwavering Belief That They Are Above The Law**

Elon Musk may be the second-most successful con artist in human history, but that does not make him a legal authority.  Like the rest of us, he is subject to the rule of law.

> 1.   **Moving Defendants Argue That Plaintiff Must Strictly Follow The Letter Of the Law or Face Sanctions and Costs, While They Can Do Anything Not Expressly Forbidden**

In addition to these errors, Attorneys Alden and Shrader-Frechette admit that they have a shifting interpretation of what conduct is even permissible in court.  Not long ago, on July 31, 2025, Attorneys Alden and Shrader-Frechette asked this Court to award sanctions against Plaintiff in an unspecified amount, which they later specified as $63,464.40 (once Plaintiff no longer had an opportunity to respond), nominally because Plaintiff filed documents with the Court that were, in their view, unauthorized by the Federal Rules of Civil Procedure or the Civil Local Rules of this Court.  *See* ECF No. 161 at 7:3-4 ("It did not fall into any of the six enumerated categories of permissible motions listed in Local Rule 7-1(a)…").

So much can change in 47 days.  By September 16, 2025, Attorneys Alden and Shrader-Frechette were arguing that "While the Civil Local Rules do not expressly authorize [certain filings], they also do not prohibit them…" to defend their own conduct.  Opposition at 2:5-6.

---

[1] Of course, Plaintiff never argued that Moving Defendants' errors were "harmless" or "typographical," and Plaintiff actively contests in this reply brief that they were "harmless." Two-word typos are rare.

These words eviscerate the purported basis for not only their improper demand for $405.00 in elective costs for an improper removal, but their entire sanctions motion at ECF No. 161 as well.

### 2. Interpreting "Necessarily Incurred" To Mean "Necessarily Incurred *Ipso Facto*" Negates The Purpose of Civil Local Rule 54-1(a) and Is Supported By No Authority

In keeping with the extreme fringe cult philosophy of Elon Musk Is Above The Law, Moving Defendants suggest that "necessarily incurred" means that once Elon Musk has elected to do something, the cost of that thing was "necessarily" incurred because it already happened. To support this novel interpretation, Defendants cite nothing. Redefining terms to mean their opposites is not a magic shortcut around the Rules.

"Necessarily incurred" does not mean "necessarily incurred *ipso facto*, once something voluntary and/or improper was already done." If it did, there would be no point to having Local Rule 54-1(a). "The Court cannot infer from Apple's documentation (nor does Apple explain in its declarations in support of these costs requests) whether the check interpreter was 'necessarily incurred' (which could be recoverable) or was rather (as Samsung suggests) obtained purely for counsel's own benefit, which is not taxable. Accordingly, the Court disallows Apple's requested costs for the check interpreter in their entirety." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 5:11-cv-01846-LHK (N.D. Cal. September 19, 2014). *See also Federal Agricultural Mortgage Corp. v. It's a Jungle Out There, Inc. et al*, Case No. 3:03-cv-03721-BZ (N.D. Cal. May 17, 2006).

Yet again, by invoking "courts" in their opposition, Moving Defendants intentionally evade the argument that **this Court** is not the same as **other courts**, and once again suggest that they do not care what this Court's Local Rules actually say, unless those Rules can be exploited to drain the financial resources of their adversaries.[2] Nor do they care what the Federal Rules of

---

[2] Plaintiff's accusation of perjury was not "reckless." It is simply a fact that opposing counsel was willing to lie under oath to attempt to secure $405.00 in costs for his client, even if it also meant billing that client tens of thousands of dollars. Committing a crime for so little gain could be considered reckless.

Civil Procedure say, the Federal Rules of Evidence say, or the California Rules of Professional Conduct say, because Moving Defendants and their counsel are archetypal bad-faith actors.

### 3. Even Assuming For The Sake of Argument That Parties Can File Anything Not Explicitly Prohibited by The Local Rules, No Comparable Rule Suggests 16 Days Later Is Timely

Hypothetically speaking, perhaps it is possible that Defendants could file a document entitled "Checkerboard Zebra Trumpet" not authorized by the Federal Rules of Civil Procedure or this Court's Civil Local Rules that makes some legal argument in response to an authorized filing. Could they do it sixteen days later and call it "timely?" There is no comparable rule that suggests the answer is "yes" and Defendants do not dispute this. They argue that the lack of a rule concerning the filing they invented means that they can file whatever they want in this Court, whenever they want. Another way to say this is that Defendants believe they have found an ingenious shortcut around the rule of law to placate their star client, Defendant Elon Musk, who believes he is above it and works to undermine the United States Constitution daily.[3]

Inventing new types of filings is also not a magical shortcut around the Rules. Moving Defendants simply broke them, again.

### D. Plaintiff Has Every Right To Ensure That The Record of This Action Is Accurate

Defendants admit to an "obvious scrivener's error" of omitting not a single letter or a single word, but an entire phrase: "should be." The worlds in which something *should have* happened, versus something *did* happen, are obviously not the same.

---

[3] In addition to the examples of free speech trampling, "sham" litigation, and Executive Branch destruction cited in the Conclusion to ECF No. 168, Defendant Musk has further abused the California Anti-SLAPP Statute to attempt to limit Plaintiff's free speech rights and has recently begun to attempt to incite a civil war, posting on September 13, 2024, after the instant motion was filed, "Peace is not possible with people who revel in murder" (*see* https://x.com/elonmusk/status/1966956000180867072) and on September 14, 2024, "They [referring to 'the Left'] are the party of murder" (*see* https://x.com/elonmusk/status/1967322185254785480) and "The truth is so awful that they murder to keep the lie" (*see* https://x.com/elonmusk/status/1967210556940824841). Defendant Musk's Twitter profile currently has 226 million followers.

Defendants also admit to a "minor clerical mistake" that resulted in a false citation to an irrelevant section of a federal statute. This "mistake" appears twice, however.

Attorneys Alden and Shrader-Frechette work for a large, nationally-recognized, and frequently-sanctioned law firm which has employed at least three paralegals or other attorneys who have been involved in this action alone: Elijah Turner, Daniel Sieradzki, and Trish Goforth. The firm has no shortage of resources for proofreading, and Elon Musk is the wealthiest person alive. It is therefore surprising that so many "errors" would appear in their finished work product, particularly when those errors could affect the financial future of a *pro se* litigant.

Plaintiff is sensitive to the accuracy and clarity of the record for good reason. Already, the Court's unintentional ambiguity has caused an issue in state court, where, during a hearing held on September 17, 2025, Superior Court of California Judge Joseph M. Quinn was unable to clearly discern whether the improper discovery stay entered December 2, 2024 was actually lifted on July 17, 2025. Although Plaintiff attempted to explain that the stay was conditional on the motions to dismiss being pending, an error such as Defendants'—explicitly stating that something dispositive had happened **when it had not**—would be much harder to explain.[4]

Nonetheless, Defendants claim that Plaintiff's motion to clear the record of errors they now admit to is a "textbook example of vexatious litigation" as well as an example of "abusive litigation tactics." Opposition at 3-4. Were those statements not made before a court, they would constitute libel, and given that they are objectively false pursuant to Defendants' simultaneous admissions, they are also additional violations of California Code of Professional Conduct 3.3(a)(1). Vexatious litigation is defined in California by Code of Civil Procedure § 391(b). Plaintiff meets none of the criteria laid out in that statute and never has. Rather, the abusive litigation tactic at issue here is filing a frivolous, untimely document unauthorized by any rule that is replete with errors (deliberate or not), refusing to admit to them until the last

---

[4] Plaintiff is especially concerned about such fabrications because opposing counsel fabricated the existence of a formal, binding, signed "agreement" by reference in state court by referring to a non-binding *agreement in principle* as an "agreement." A formal, binding, signed "agreement" does not exist and never did.

possible moment, and then blaming the other side for pointing them out while demanding that the Court issue sanctions.

### E. Since This Motion Was Filed, Attorneys Alden and Shrader-Frechette Have Explicitly Admitted In State Court That Their Client, Elon Musk, Intentionally Seeks To Cause Plaintiff Emotional Distress

On September 10, 2025 (after the instant motion was filed on September 2, 2025), in the Superior Court of California for San Francisco County in this action, Attorneys Alden and Shrader-Frechette filed a rough draft of an anti-SLAPP motion that suffered from myriad defects—among them, a clear violation of a California Rule of Court. They later filed an amended version of the same motion, which also suffered from the same defects. Nonetheless, both versions of the defective motion further shared a stunning admission, articulated far more clearly than it ever was before this Court: "the alleged conduct is intentional, not negligent."

For Defendant Musk, this dispute is beyond personal. He was not kidding when he stated that he is "out for blood." Moving Defendants do not just wish Plaintiff harm, they actively seek to cause harm, and are doing so. Given this admission, not only should ECF No. 167 be struck, but ECF No. 161 should be struck as well.

## III.   CONCLUSION

In light of the foregoing, the Court should strike ECF No. 167 at minimum and issue an Order to Show Cause against Moving Defendants and their counsel regarding their sanctionable litigation tactics and their now-admitted "intentional" efforts to cause Plaintiff distress.

Dated: September 19, 2025         Respectfully submitted,

_____
Aaron Greenspan
956 Carolina Street
San Francisco, CA 94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org