IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JACOB GREENSPAN,<br><br>    Plaintiff,<br><br>  v.<br><br>ELON MUSK, et al.,<br><br>    Defendants. | Case No. 24-cv-04647-MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS** |

Before the Court is defendants Elon Musk, Tesla, Inc., the Elon Musk Revocable Trust dated July 22, 2003, Excession, LLC, Jared Birchall, Singer Cashman, LLP, Allison Huebert, Adam S. Cashman, Adam G. Mehes, and Alex Spiro's (collectively, "Moving Defendants") Motion for Sanctions, filed July 31, 2025. Plaintiff Aaron Jacob Greenspan ("Greenspan") has filed opposition,[1] to which Moving Defendants have replied. The Court, having read and considered the papers filed in support of and in opposition to the motion, rules as follows.[2]

By the instant motion, Moving Defendants "request that the Court enter an order imposing monetary sanctions against plaintiff pursuant to 28 U.S.C. § 1927 and this

---

[1] Greenspan's Request, filed October 6, 2025, "for Judicial Notice in Support of [his] Opposition" is hereby DENIED, as the documents submitted are not relevant to the Court's determination of the issues discussed herein. See, e.g., Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining to take judicial notice where documents submitted were "not relevant to the resolution of [the] appeal"); McGhee v. Tesoro Refin. & Mktg. Co. LLC, 440 F. Supp. 3d 1062, 1066 n.1 (N.D. Cal. 2020) (declining to take judicial notice where "documents [were] not relevant to the Court's conclusions").

[2] On August 28, 2025, the Court took the motion under submission.

1  Court's inherent authority in an amount equal to the reasonable attorneys' fees and costs
2  incurred in responding to" eight motions Moving Defendants characterize as "duplicative
3  and frivolous." (See Mot. at 1:15-18).  The Court, as discussed below, finds said
4  motions, albeit not successful, do not warrant an imposition of sanctions.

5      First, as to five of the motions, namely, (1) "Emergency Motion for Leave to File
6  Second Amended Complaint, or in the Alternative, Stay the Case," (2) "Motion for Leave
7  to File Motion for Reconsideration of Order Imposing Discovery Stay," (3) "Motion for
8  Leave to File Motion for Reconsideration of Order Vacating Hearings on Defendants'
9  Motions to Strike/Dismiss and Denying Administrative Motion for Leave to File Sur-
10 Reply," (4) "Request for Judicial Notice in Support of Plaintiff's Opposition to Defendants'
11 Motions to Dismiss and Special Motions to Strike Plaintiff's First Amended Complaint,"
12 and (5) "Motion to Lift Discovery Stay," the relief requested was denied for the reason
13 that the filing was not in accordance with this district's Civil Local Rules.  Although
14 Moving Defendants argue Greenspan is familiar with those rules, Greenspan, who
15 proceeds pro se, has provided reasons for said filings, explaining why, in his view, each
16 was appropriate.  The Court finds the explanations suffice to counter a finding of bad
17 faith.  See New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989)
18 (holding "[s]anctions pursuant to section 1927 must be supported by a finding of
19 subjective bad faith"); see also Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001)
20 (holding, "under a court's inherent power[,] . . . sanctions are available if the court
21 specifically finds bad faith or conduct tantamount to bad faith").

22     Next, as to two of the motions, namely, "Emergency Motion for Temporary
23 Restraining Order and Permanent Injunction Against Defendant Elon Musk" and
24 "Administrative Motion for Leave to File Sur-Reply in Opposition to Motions to Dismiss
25 and Special Motions to Strike," the relief requested was denied because such relief was
26 foreclosed by case authority.  There is no showing, however, Greenspan was familiar
27 with that authority and, consequently, the Court again declines to impose sanctions.  See
28 Barber v. Miller, 146 F.3d 707, 711 (9th Cir. 1998) (affirming denial of sanctions where

record showed no more than "ignorance or negligence").

Lastly, although, as to one of the motions, namely, "Administrative Motion to Permanently Terminate Defendants' Legal Representation Due to Treasonous Conspiracy to Overturn the United States Constitution and Overthrow the Federal Government," Greenspan cites no statutory or case authority to support such extraordinary relief under the circumstances presented, his apparent theory being honest attorneys are precluded from representing dishonest defendants, the bad faith requirement "sets a high threshold," see Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997), and the Court, having reviewed the record of the case as a whole, is not prepared to find Greenspan acted in bad faith in connection with said filing.

Accordingly, for the reasons stated above, Moving Defendants' motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 10, 2025

MAXINE M. CHESNEY
United States District Judge