IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JACOB GREENSPAN,<br><br>Plaintiff,<br><br>v.<br><br>ELON MUSK, et al.,<br><br>Defendants. | Case No. 24-cv-04647-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REVIEW AND REVERSAL OF CLERK'S COSTS AWARD** |

Before the Court is plaintiff Aaron Jacob Greenspan's ("Greenspan") Motion, filed November 8, 2025, "for Court Review and Reversal of Clerk's Costs Award." Defendants Elon Musk, Tesla, Inc. ("Tesla"), the Elon Musk Revocable Trust dated July 22, 2003, Excession, LLC, Jared Birchall, Singer Cashman, LLP, Allison Huebert, Adam S. Cashman, Adam G. Mehes, and Alex Spiro have filed opposition, to which Greenspan has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

By the Court's prior order, filed July 17, 2025, Greenspan's federal claims were dismissed with prejudice and his state law claims were remanded to state court (see Order Re Motions to Dismiss at 16:11-12 (Doc. No. 156)), whereafter Tesla filed a Bill of Costs for the $405 filing fee it paid on removal of the instant action (see Doc. No. 160), and the Clerk of Court taxed costs in that amount (see Doc. No. 174).

By the instant motion, Greenspan asks the Court to "review the Clerk of Court's award of costs . . . and reverse or vacate such award." (See Mot. at 1:7-9.) In support of that requested relief, Greenspan makes the following four arguments: (1) removal was improper; (2) Tesla is not the prevailing party; (3) the removal fee was not "necessarily

---

[1] By Order filed December 12, 2025, the Court took the matter under submission.

incurred"; and (4) equitable factors weigh against an award of costs. (See id. at 4-11.) The Court addresses each such argument in turn.

First, Greenspan argues, "a court should not award costs to the removing party when removal was improper" and that "[t]hrough its ruling in ECF No. 156, this Court thus ruled that Defendant Tesla's removal to this Court was improper as this Court lacked jurisdiction over any portion of plaintiff's original complaint—the version of the complaint that was actually removed to federal court on July 31, 2024." (See Mot. at 4:26-5:12) (internal quotation, citation, and alteration omitted).  Although Greenspan is correct that the Court, in the order to which he refers, found the state law claims comprising his initial Complaint did not raise a federal question, the Court issued no ruling as to the propriety of the removal, as Greenspan, rather than filing a motion to remand, filed an Amended Complaint adding a federal claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") (See Doc. No. 55), thereby conferring federal jurisdiction over the case, see 28 U.S.C. § 1331, and electing to have his claims proceed in federal court.

Second, Greenspan argues, Tesla is "not the 'prevailing party' for the purposes of Rule 54(d)(1)" of the Federal Rules of Civil Procedure (see Mot. at 5:19-22), under which, "[u]nless a federal statute, [said] rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1).  In support thereof, Greenspan points out that the Court dismissed only his RICO claim, whereas his state law claims were remanded, the Court declining to exercise supplemental jurisdiction over the state claims once the sole federal claim was dismissed.  (See Doc. No. 156 at 15:1-12.)  The Ninth Circuit has held, however, that a defendant that prevails on a plaintiff's federal claims is the prevailing party even though the court declines to exercise supplemental jurisdiction over such plaintiff's state law claims and, after either dismissal or remand, depending on where those claims initially were filed, allows them to proceed in state court.  See San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys., 568 F.3d 725, 732, 742 (9th Cir. 2009) (holding "[b]y obtaining summary judgment on all of [plaintiff's] federal claims, and with no claims

remaining against them in the district court, [defendants] were clearly the prevailing parties" and, "[a]s such, they were entitled to the award of costs decreed by the district court"); see also Wade v. Reg'l Credit Ass'n, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding "[w]here a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice").

Third, Greenspan, argues, "the removal fee was not 'necessarily incurred'" because Tesla elected to remove this action from state court. (See Mot. at 7:13-26); see also 28 U.S.C. § 1924 (providing "[b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit . . . that such item . . . has been necessarily incurred"). A number of district courts, however, have found such argument "without merit." See Rezaipour v. Cnty. of Los Angeles, 2015 WL 13762921 at *2 (C.D. Cal. Feb. 3, 2015) (holding "[f]ees for removal are taxable as costs") (collecting cases).[2]

Lastly, Greenspan argues, "the five primary factors enumerated in Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014)[,] clearly weigh against awarding costs in this action." (See Mot. at 9:8-11.) In Escriba, the Ninth Circuit held Rule 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." See id. at 1247-48 (holding "[a]ppropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties."

Here, as to the first and third factors, although Greenspan contends the case could

---

[2] Greenspan's citation to Nelson v. Capital Resorts Club, Inc., 2025 WL 2433216 (M.D. Fla. June 24, 2025), is distinguishable on its facts, as within a few days after removing the action, the defendant therein filed a motion to compel arbitration, and the district court declined to award the removal filing fee as costs because removal was "not a prerequisite to moving to compel arbitration." See id. at *1, *7 (internal quotation and citation omitted.)

3

potentially expose how defendants "defrauded investors and lied to federal regulators" (see Mot. at 9:17-20) and that an award of costs to an exceptionally wealthy party "would have an obvious chilling effect" (see Mot. at 10:17-19), the Court is not persuaded Greenspan has sufficiently shown either such factor weighs in his favor.  Cf. id. at 1248 (affirming district court's denial of bill of costs where plaintiff alleged employer violated poultry plant workers' statutory rights and submitted Department of Labor letter stating case was "particularly important to the public interest" and "taxing costs would chill future actions because low-wage earners would be reluctant to file suit").

As to the fourth and fifth factors,[3] Greenspan likewise fails to make a sufficient showing.  Although Greenspan asserts he has "limited financial resources" (see Mot. at 10:22) and points to the "wide gulf between [his] modest net worth and [d]efendant Musk's" multi-billion-dollar net worth (see Mot. at 11: 2-3), Greenspan has not shown the relatively small cost award sought here would have any significant effect on his financial stability.  See Escriba, 743 F.3d at 1248 (holding "[c]osts are properly denied when a plaintiff would be rendered indigent should [he] be forced to pay the amount assessed'") (internal quotation and citation omitted).

Lastly, Greenspan argues, defendants' "willingness to exceed the value of their claimed costs in spending on their own attorney's fees" evidences "a campaign of harassment," and "should not be rewarded." (See Mot. at 11:10-14); see also Escriba, 743 F.3d  at 1248 (noting five factors are "not an exhaustive list of 'good reasons' for declining to award costs").  The Court, however, declines to deny otherwise awardable costs on a showing of economic impracticality.

In sum, the Court finds (1) Tesla is the prevailing party in the above-titled action, (2) the filing fee paid by Tesla constitutes a taxable cost in the amount of $405, and (3) the equitable factors do not weigh against awarding costs in that amount.

---

[3] As to the second factor, Greenspan concedes "[t]he legal issues in this case were not close or difficult." (See Mot. at 10:4.)

Accordingly, for the reasons stated above, Greenspan's "Motion for Court Review and Reversal of Clerk's Costs Award" is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 19, 2025

MAXINE M. CHESNEY
United States District Judge