IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JACOB GREENSPAN,<br><br>    Plaintiff,<br><br>  v.<br><br>ELON MUSK, et al.,<br><br>    Defendants. | Case No. 24-cv-04647-MMC<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF DECEMBER 19, 2025, ORDER** |

Before the Court is plaintiff Aaron Jacob Greenspan's ("Greenspan") "Administrative Motion for Leave to File Motion for Reconsideration of December 19, 2025 Order ('December 19 Order')." Having read and considered the Administrative Motion, the Court rules as follows.

The relevant procedural background is as follows:

> By the Court's prior order, filed July 17, 2025 ["July 17 Order"], Greenspan's federal claims were dismissed with prejudice and his state law claims were remanded to state court (see Order Re Motions to Dismiss at 16:11-12 (Doc. No. 156)), whereafter [defendant] Tesla filed a Bill of Costs for the $405 filing fee it paid on removal of the instant action (see Doc. No. 160), and the Clerk of Court taxed costs in that amount (see Doc. No. 174).

(See December 19 Order at 1:18-22.) In the December 19 Order, the Court denied Greenspan's "Motion for Court Review and Reversal of Clerk's Cost," finding none of the four arguments made by Greenspan warranted reversal of the Clerk's determination that Tesla was entitled to costs in the amount of $405.

By the instant Administrative Motion, Greenspan argues the Court erred for a reason not raised earlier, namely that, in finding Tesla was entitled to costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure, the Court failed to consider that,

pursuant to 28 U.S.C. § 1447(c), a district court, when remanding an action, has discretion to award costs to the plaintiff only.  In short, plaintiff wishes to file a motion for reconsideration based on an argument that, when a case is remanded, the issue of whether costs are awardable is resolved by § 1447(c), meaning only a plaintiff can be entitled to costs.

Even assuming a cognizable basis for reconsideration exists, Greenspan's proposed motion for reconsideration would be futile, as plaintiff's argument is incorrect.

Under Rule 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party, "[u]nless a federal statute, [the federal] rules, or a court order provides otherwise."  See Fed. R. Civ. P. 54(d)(1).  Contrary to Greenspan's assertions, however, § 1447(c), as applied to the instant case, does not "provide otherwise," as § 1447(c) only concerns costs when an action is remanded because "the district court lacks subject matter jurisdiction" or because of a "defect other than lack of subject matter jurisdiction," see 28 U.S.C. § 1447(c), and the order remanding Greenspan's state law claims was not premised on either of those two circumstances.

In particular, as explained in greater detail in its July 17 Order, the Court had subject matter jurisdiction over plaintiff's First Amended Complaint ("FAC"), the operative pleading at the time said Order was filed, and the Court, after dismissing the federal claims in the FAC, remanded the remaining state law claims on the ground that, even though the Court had supplemental jurisdiction over said claims, the Court, pursuant to 28 U.S.C. § 1367(c)(3), declined to exercise such jurisdiction in light of the dismissal of the federal claims.

Accordingly, the Administrative Motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 29, 2025

MAXINE M. CHESNEY
United States District Judge